# Hornstein *versus* The Atlantic and Great Western Railroad Company.

1. The measure of damages for building a railroad through a man's land, is the difference between the value of the property before and after building the road.

2. Such advantages only as are special and peculiar to the property in question, not common to the public, are to be considered.

3. The viewers and the jury, in court, are to balance the advantages that are special against the disadvantages that are actual, and decide how much less the land would bring in the market by reason of the road.

ERROR to the Court of Common Pleas of *Crawford county.*

This was an appeal from an award of viewers, assessing damages for making a railroad through the property of the plaintiff, upon which an issue was directed and tried in the Court of Common Pleas.

The defendants ran their road close by the plaintiff's distillery; the width of ground *measured off* by the defendants included the plaintiff's spring and spring-house.

The plaintiff claimed " consequential damages" on account of interference with his business, rendering access with teams difficult, preventing the working of a horse-power near the railroad, and frightening his horses, for risk of fire from locomotives, and damage that *might* be done to a spring which was on land appropriated by the company, being under a trestle bridge, but so that it could be used by the owner of the land, and submitted the following points:—

1. The jury, in estimating the damages, are not limited to the value of the property taken, but can take into consideration all consequential damages, or those which result from the taking of the plaintiff's property and the construction of the defendant's road.

2. In estimating the advantages to plaintiff's property, in con-

[Hornstein *v.* Atlantic and Great Western Railroad Co.]

sequence of the road, the jury are to consider only such as are special, and not those that are common to the public.

3. The jury, in estimating the advantages, are to take into consideration the spring and spring-house within the limits of the road; also the effects on the plaintiff's property, by filling the trestle-work with dirt, thus making a high embankment, and leaving but a small distance between it and his property.

4. Situated as plaintiff's property is, the risk of destruction by fire from sparks from defendants' locomotives, is consequential damage, and may be considered by the jury in estimating damages.

The court charged the jury as follows:—

" The plaintiff is not entitled to compensation for consequential damages—such as danger from sparks from the chimneys of the locomotives falling on the buildings and endangering their safety, from smoke and cinders from the same source, or the raising of dust by the motion and movement of the cars, and their entering into the house or distillery. It is not easy to see what the measure or standard of compensation for one or the other would be. If allowance should be made for a liability of fire, and none should occur, it would be gain to one without advantage to the other. Smoke, cinders, and dust might be an annoyance, but form no part of an allowable claim. The same may be said of the danger of horses becoming affrighted and thus making it somewhat more difficult to carry freight to and from the distillery; and also of the horse at the mesh-tub becoming frightened at the rumbling of the trains so that the work had to be done by hand. The probability, too, that the company may, some time hereafter, fill the ravine over which the trestle-work is constructed, and thus destroy the spring of water, is not an item of consideration. The road, we are told by the engineer, is complete as it now stands, and injuries to the plaintiff's rights as they exist from this state of things, are alone to be considered. If alterations hereafter occur, by which these injuries are increased, it will be time enough to consider them then, and we need not anticipate them. If the spring or spring-house has been interfered with in any way, to the prejudice of the plaintiff, or if his customary access to them has been obstructed, he is to be made good therefor.

" The only remaining item for consideration is the interference with the passage-way to and from the distillery, and this should be duly weighed. The distillery remains as it was and has been, and there is access to and from it, under the trestle-work; but whether this is of equal extent, or as safe as it previously was, is for the jury to determine—and if it is not, a fair and reasonable compensation is to be made therefor. In determining the case, with a view to a just conclusion, the jury will consider what the fair marketable value of the entire premises was before and after the road was built. If it was as much after its completion as it

[Hornstein v. Atlantic and Great Western Railroad Co.]

was before, the plaintiff has sustained no loss—or, in other words, if the advantages arising from the road, when built, are equal to the disadvantages to the premises, the one is to be considered an equivalent for the other.

" The advantages resulting from it, which are common to all, are not allowable as set-offs to one injured by the road; but if his own premises, through which the road may pass, are enhanced in value by it, it is then otherwise; and if the plaintiff's land has been specially benefited by this road, it goes, as far as it is worth, as compensation for injuries inflicted."

The jury found for the plaintiff $567.50.

The plaintiff removed the case to the Supreme Court, and here assigned the following errors:—

The court erred in not affirming the plaintiff's 1st, 2d, and 3d points, and also in charging the jury as follows:—

" In answering these points we say that the plaintiff is not entitled to compensation for consequential damages; such as danger from sparks from the chimneys of the locomotives falling on the buildings and endangering their safety, from smoke and cinders from the same source, or the raising of dust by the motion and movement of the cars and their entering into the house and distillery.

" Smoke, cinders, and dust might be an annoyance, but form no part of an allowable claim. The same may be said of the danger of horses becoming affrighted, and thus making it somewhat more difficult to carry freight to and from the distillery; and also of the horse at the mesh-tub becoming frightened at the rumbling of the train, so that the work had to be done by hand."

*D. M. Farrelly*, *D. A. Finney*, and *G. W. Hecker*, for plaintiff in error, argued that consequential damages are recoverable from railroad companies, when they take a man's property for the construction of their roads: Sunbury & Erie Railroad Co. v. Hummell, 3 Casey 104; 1 Chitty's Pleading 129; Lehigh Bridge Co. v. Lehigh Coal and Navigation Co., 4 Rawle 23; Patten v. The Northern Central Railway, 9 Casey 426; Watson v. Pittsburgh and Connellsville Railroad Co., 1 Wright 280. That plaintiff's spring-house being on land appropriated by the railroad company, he would be a trespasser in going on the land without their consent: Railroad Co. v. Skinner, 7 Harris 298; Pennsylvania Railroad Co. v. Aspell, 11 Id. 147.

*G. Church* and *H. L. Richmond*, for defendant in error.—The method of determining the case with a view to just conclusion, is to consider what the fair marketable value of the entire premises was before and after the road was built: Pennsylvania Railroad Co. v. Hiester, 8 Barr 445; Searle v. The Lackawana and

[Hornstein *v.* Atlantic and Great Western Railroad Co.]

Bloomsburg Railroad Co., 9 Casey 57; Patten *v.* Northern Central Railway Co., Id. 426; Sunbury & Erie Railroad Co. *v.* Hummell, 3. Casey 104; East Pennsylvania Railroad Co. *v.* Hottenstine, 11 Wright 28; Harvey *v.* Lackawana and Bloomsburg Railroad Co., Id. 428.

The opinion of the court was delivered, October 26th 1865.

PER CURIAM.—If judicial authority can fix any rule, the series of adjudged cases from Thoburn's Case, 7 S. & R. 411, down to Harvey's Case, 11 Wright 434, has established the measure of damages for building a railroad through a man's land, to be the difference betwixt the value of the land before the road was built and its value after the road is finished. In estimating the disadvantages resulting from the road, consequential or speculative damages are to be rejected, and in estimating the advantages, such only as are special and peculiar to the property in question are to be considered, and not such as are common to the public. It is the business of the viewers in the first instance, and on appeal, of the jury, to balance the advantages that are special against the disadvantages that are actual, and with the aid of whatever testimony is laid before them, to find out as well as they can how much less the land would fetch in market by reason of the road, and that sum, which will represent what has really been taken away from the owner, should be given back in damages. All the particulars complained of in this case by the plaintiff in error were no doubt considered by the witnesses and the jury, and under the direction given we must regard the verdict for $567.50 as expressive of the full extent to which the plaintiff had been injured.

Seeing nothing upon the record to correct, the judgment is affirmed.