## Robert Mahaffey v. Beech Creek R. R., Appellant.

*Railroads—Eminent domain—Measure of damages.*

The advantages to a property resulting from the construction of a rail-
road which are to be considered in connection with the disadvantages, are
such as are special to the property affected and give it an increased value
above the general appreciation of property in the neighborhood.

It is error to limit this rule so as to give to the railroad company mere-
ly the benefit of the increase in the value of the property taken in excess·
of the increase in value of any other property affected by the construc-
tion of the road.  Such a limitation deprives the company of the benefit
of having the jury consider the advantage to the property of the plaintiff
which was special and peculiar to it as compared with the advantage to
the property in the neighborhood.

In proceedings to recover damages for injuries caused by the construc-
tion of a railroad, the jury cannot consider, as an element of damages, the
destruction of a river landing on neighboring property.

Argued April 18, 1894.  Appeal, No. 329, Jan. T., 1894, by
defendant, from judgment of C. P. Clearfield Co., Feb. T.,
1893, No. 99, on verdict for plaintiff.  Before STERRETT, C. J.,
GREEN, WILLIAMS, McCOLLUM and FELL, JJ.  Reversed.

Appeal from report of viewers of land damages.

At the trial it appeared that defendant company appropriated about seventeen acres of plaintiff's land lying along the Susquehanna river.

The court charged in part as follows:

"There is in every instance, probably, where a railroad or public improvement of this kind is constructed, a general advantage to all property in the community, which is alike to one property as well as another, the general convenience of travel, the general convenience of access to markets, and things of that kind, which is alike to all the owners of property in that vicinity; that general advantage cannot be considered and offset against the disadvantages.

"[The Supreme Court has said in emphatic language that the advantage that is to be considered and offset against a disadvantage is that which belongs to the property affected by the injury, and which does not belong to any other property in the vicinity.] [8]

"Judge CLARK, in this same opinion, says, 'The general appreciation of property in the neighborhood, consequent to the projected construction of the road, cannot enter into the calculation; to this the landowner whose lands had been taken is as fairly entitled as is his neighbor, whose possession and enjoyment have not been disturbed. The general increase of values, resulting from the growth of public improvements, railroads, canals and highways, accrues to the public benefit, and in the computation of damages, the landowner cannot be charged therewith. The question, in each case, is whether or not the special facilities afforded by the improvement have advanced the market value of the property beyond the mere general appreciation of property in the neighborhood.'

"[And therefore, under this rule thus laid down, you are to inquire whether or not this property of Mr. Mahaffey has special facilities, or special advantages afforded it, by the construction of this road, which no other property has in that community, that has advanced its market value beyond the general appreciation of other property in that vicinity.] [9] If it has, then those advantages may be offset against any disadvantages that you may ascertain have been done to this property, or that this property has suffered by reason of the construction of this road. . . .

" Evidence was introduced here to show that by reason of the cutting off of this property from what is called the Jas. Mahaffey landing for timber purposes, and by reason of the occupation of other ground, that it would be inconvenient to market this timber by way of the river; that testimony was offered and admitted for the purpose of showing that the railroad affected this whole property outside of the borough of Mahaffey, when taken as a whole, injuriously with reference to the stocking of timber and the use of the timber portion of it.   Witnesses were called who testified that they went upon the ground and examined the location of that timber, and viewed it with reference to stocking it to Mr. Mahaffey's mill, or to the river, and that in their judgment it would increase the expense of thus utilizing that property from 75c to $1.00 per thousand feet.   I think Mr. Curry probably places it at a less amount, but it runs from 60c to a $1.00 per thousand, and they put their damages at a lump sum upon a basis of two to three millions feet of timber.

" Now you cannot allow—and it is conceded by plaintiff's counsel—60c, or 75c or $1.00 per thousand, on two million or three million or any number of feet of timber; you could not use that as the basis of a calculation, substantive, definite and apart from the question of how the whole property is affected in its market value.   It is an item for your consideration, as bearing upon the question of the disadvantages this property has suffered by reason of the construction of this railroad, but you could not allow in your verdict on a basis of three million feet of timber at 75c a thousand or any other amount or sum, while at the same time it is a matter for consideration in determining whether or not the property as a whole has been affected in its market value by reason of the construction of this road.   So as to this question about this landing, the evidence was not to enable you to put a value upon James Mahaffey's landing or upon the ground where it is alleged a landing could have been constructed upon Mr. Mahaffey's land, but as bearing upon the question of whether or not the property as a whole is inconvenienced, and has suffered injury by reason of the construction of the railroad." [11]

Defendant's points were among others as follows:

" 3. The jury are not at liberty to consider that the defend-

ant's railroad will be of no benefit to the plaintiff in his business there, because he has already the use of another railroad, if this property will be thereby increased in value. *Answer:* I affirm that point. If this property is increased in value above the value of all other property there, then you are not at liberty to consider that the railroad will be of no benefit because Mr. Mahaffey has already another railroad there." [13]

" 4. The fact that the plaintiff may rely upon other means of transporting his products to market does not, in itself, justify the jury in concluding that defendant's road will be of no advantage, provided his property will in fact be increased in value. *Answer:* I affirm that. The mere fact that the river is there or the Pennsylvania & Northwestern railroad is there, is not of itself sufficient to justify the jury in concluding that the Beech Creek railroad would be of no advantage to Mr. Mahaffey, provided you find that it is an actual advantage over and above that which it is to any other party, or that which is general in the community." [14]

" 9. The plaintiff is not entitled to recover anything in this proceeding for alleged destruction of James Mahaffey's landing, nor for alleged injury to ground which could have been made a landing on the land of plaintiff. These items are too vague and indefinite and speculative to be a basis of recovery. *Answer:* I have already said to you, gentlemen of the jury, that he is not entitled to recover for James Mahaffey's landing, nor for the ground occupied by the railroad where it is alleged a landing could be made, but they are to be considered only as showing disadvantages, and the evidence was only admitted for that purpose, and is to be considered by the jury upon the question of whether or not this property did suffer a disadvantage by reason of the construction of the road as affecting these landings, the one of James Mahaffey and the other ground where, they allege, a landing could be made. The property is to be treated as a whole; mark that, all the time; the farm and the timber land is to be treated as a whole." [15]

Verdict and judgment for plaintiff for $5,793.96.

*Errors assigned* were (8, 9, 11, 13–15) instructions, quoting them.

*Thomas H. Murray, M. E. Olmsted* and *Allison O. Smith* with him, for appellant.—The submission to the jury of the testimony respecting the James Mahaffey landing was error: Gorgas v. R. R., 144 Pa. 1.

The instructions as to the advantages and disadvantages of the railroad were erroneous: R. R. v. Robinson, 95 Pa. 426; Allegheny v. Black, 99 Pa. 154; R. R. v. McCloskey, 110 Pa. 442; R. R. v. Balthaser, 119 Pa. 483; Gorgas v. R. R., 144 Pa. 1; Patten v. R. R., 33 Pa. 426; R. R. v. Braham, 79 Pa. 452; R. R. v. Getz, 113 Pa. 214; Kersey v. R. R., 133 Pa. 234; Ehret v. R. R., 151 Pa. 158.

*Frank Fielding* and *David L. Krebs*, for appellee.—The instructions in the eighth and ninth assignments were proper: Hornstein v. R. R., 51 Pa. 90; R. R. v. Robinson, 95 Pa. 426; Ry. v. McCloskey, 110 Pa. 442; Long v. R. R., 126 Pa. 143; R. R. v. Moore, 4 W. N. 532; R. R. v. Springer, 21 W. N. 143; Cameron v. R. R., 157 Pa. 617; Potts v. R. R., 119 Pa. 278; Penna. Co. for Ins. on Lives, etc. v. R. R., 151 Pa. 334.

Whatever injuriously affects the property as the direct and necessary result of the location of the road upon it, may be considered in the assessment of damages: Kersey v. R. R., 133 Pa. 234; Ehret v. R. R., 151 Pa. 158; Ry. v. Vance, 115 Pa. 327; R. R. v. Getz, 113 Pa. 214; Rees v. R. R., 135 Pa. 629; Baird v. R. R., 154 Pa. 459.

If plaintiff was injured by reason of the most available places on his property for landing his timber on the bank of the river having been taken and occupied by the railroad company, it was proper for the jury to consider this as affecting the market value of his property: R. R. v. Stauffer, 60 Pa. 374; Ry. v. McCloskey, 110 Pa. 442.

OPINION BY MR. JUSTICE FELL, July 12, 1894:

The advantages to a property resulting from the construction of a railroad which are to be considered in connection with the disadvantages, are such as are special to the property affected and give it an increased value above the general appreciation of property in the neighborhood. This rule, without qualification or limitation, has been applied in a long line of cases, among which are Hornstein v. A. & G. W. R. R. Co.,

·51· Pa. 87 ; P. & L. E. Co. v. Robinson, 95 Pa. 426 ; R. R. Co.
·v. McCloskey, 110 Pa: 442 ; Long v. Harrisburg & P. R. R.
Co., 126 Pa. 143.   In R. R. Co. v. McCloskey, supra, CLARK, J.,
said : " The adjustment of this difference involves in all cases
a fair and just comparison of the advantages and disadvan
tages resulting from the opening and operation of the road and
the construction of its works ; but the advantages to be con-
sidered are such only as are special, and the disadvantages such
as are actual.   The general appreciation of property in the
neighborhood, consequent to the projected construction of the ·
road, cannot enter into the calculation.   To this the landowner
whose land has been taken is as fairly entitled as is his neigh-
bor whose possession and enjoyment have not been disturbed."

Upon the trial a limitation was placed upon this rule which
gave to the defendant the benefit of the increase only in the
value of the plaintiff's property in excess of the increase in
value of any other property affected by the construction of the
railroad.   The defendant was thus deprived of the benefit of
having the jury consider the advantage to the property of the
plaintiff which was special and peculiar to it, as compared with
the advantage to the property in the neighborhood which was
general. ·

The general charge contains these expressions : "· . . . The
advantage that is to be considered and offset against a disad-
vantage is that which belongs to the property affected by the
injury, and which does not belong to any other property in the
vicinity. . . . You are to inquire whether or not the property
of Mr. Mahaffey has special facilities, or special advantages af-
forded it by the construction of the road, which no other prop-
erty has in that community."   In answer to the third point it
was said : " If this property is increased in value above the
value of all other property there, then you are not at liberty to
consider that the railroad will be of no benefit."   And in an-
swer to the fourth point the jurors were told that the fact that
there were other means of transportation would not justify
them in finding that the railroad was of no advantage to the
plaintiff " provided that you find that it is an actual advantage
over and above that which it is to any other property," etc.

This limitation of the rule finds no sanction in either prin
ciple or authority.   It was the right of the defendant to have

the jury consider the advantages to the plaintiff's property which were special to it, and they should not have been confined to the advantage which it received "over and above that to any other property." The plaintiff's property was not the only property taken, and presumably not the only property which received special advantages. Against the demand of each claimant it was for the jury to consider the advantages special to his property, but according to the instruction given this could be done only as to the claimant whose property had been most increased in value; and as to his property the allowance to the defendant would be limited to the increase over any other property, and not to the increase over the general advance in values.

The general instruction on this subject both in the charge of the learned judge and in his answer to the points was ·correct and full, and the case was carefully tried; but we cannot know that the language excepted to did no harm. It was an incorrect statement of the rule, and calls for a reversal of the judgment.

The submission to the jury of the effect of the destruction of the landing of James Mahaffey was also error. This landing was not on the plaintiff's property, but on another tract of land in which he had no interest, and as to which he possessed no right. Nothing was done on the plaintiff's property to obstruct the way to a landing, but the landing of another person was destroyed. This landing was on the property of James Mahaffey; it had belonged to him, and he had received compensation for its destruction. Yet the jury was allowed to consider it " as bearing upon the question as to whether or not the property as a whole is inconvenienced and has suffered injury by reason of the construction of the railroad." As in Gorgas v. R. R. Co., 144 Pa. 1, the plaintiff was deprived only of what did not belong to him. For the reasons stated the eighth, ninth, eleventh, thirteenth, fourteenth and fifteenth assignments of error are sustained, and the judgment is reversed and a new venire awarded.