# Quade, Appellant, *v.* The Columbia & Port Deposit Railway Company.

*Railroads—Eminent domain—Condemnation proceedings—Subsequent conveyance of land—Assignment of damages—Pleading—Amendment.*

1. Damages for the taking of land in eminent domain proceedings belong to the owner at the time of the appropriation and do not pass to a subsequent vendee in the absence of anything to show such an intent.

2. Where a railroad company files a bond in proceedings to condemn a right of way, and thereafter the owner of the land over which the right of way has been condemned, conveys it to another by a deed silent as to the damages, the grantee has no right or claim to the damages, and cannot maintain proceedings against the railroad company to assess them. If he does institute such proceedings, and therein avers that the land injured was his property at the time the injury was committed, and this is contradicted by proof at the trial, he cannot offer in evidence an assignment of the damages from the original owner, procured during the progress of the trial, if he in no way amends his pleadings so as to make an assignment properly admissible in evidence.

Argued May 15, 1911. Appeal, No. 299, Jan. T., 1910, by plaintiff, from judgment of C. P. Lancaster Co., Nov,

Term, 1909, No. 37, on verdict for defendant in case of Christian F. Quade v. The Columbia & Port Deposit Railway Company. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Issue to determine the amount of damages in condemnation proceedings. Before Hassler, J.

The court charged as follows:
In this case the land in question was taken on March 19, 1907, that being the day upon which the bond was filed and approved in this court. The property was not conveyed to the present plaintiff, Christian F. Quade, until March 29, or two weeks afterwards. When it was conveyed to him, it was conveyed subject to what the railroad company had taken, and subject to their rights under their bond, and if any injury was done to the property by reason of the railroad company having taken one-tenth of an acre of it, it was an injury to Frederick F. Quade, the former owner. The damages that he would be entitled to are personal, and do not run with the land, so that a subsequent owner had no standing to recover any damages for the taking of that land. We are, therefore, bound to instruct you that under the law and the evidence your verdict must be for the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was the charge of the court, quoting it.

*B. F. Davis,* for appellant.—Under the issue, the question of title did not arise, but was an afterthought on the part of the appellee: Ehret v. R. R. Co., 151 Pa. 158; D. L. & W. R. R. Co. v. Burson, 61 Pa. 369; Heise v. R. R. Co., 62 Pa. 67; Turner's App., 2 Walker (Pa.) 229.

In the case in hand, there was nothing whatever on the record disputing the title of the plaintiff or his right to recover the damages: United States v. Agee, 108 Fed.

Repr. 10; Ehret v. R. R. Co., 151 Pa. 158; State Line R. R. Co. v. Playford, 14 Atl. Repr. 355; Tissue v. R. R. Co., 12 Pa. Dist. Rep. 175.

After the bond was approved, the owner of the land for whose benefit the bond was given could not maintain an action of trespass, ejectment or injunction, but would be obliged to follow the remedy provided by the act of assembly. If he assigns his damages, the assignee would be obliged to pursue the same remedy: Frey v. Ry. Co., 91 Wis. 309 (64 N. W. Repr. 1038); Birch v. Ry. Co., 8 N. Y. Supp. 325; Dyer v. Wightman, 66 Pa. 425.

The defendant by not raising the question of title, but admitting it by having the issue framed for the purpose of ascertaining the damages, thereby waives its right to object on that ground or to raise the question of title on the trial: Chicago & Iowa R. R. Co. v. Hopkins, 90 Ill. 316; Peoria, Pekin & Jacksonville R. R. Co. v. Laurie, 63 Ill. 264; St. Paul & Sioux City R. R. Co. v. Matthews, 16 Minn. 341; Helena & Livingston Smelting & Reduction Co. v. Lynch, 25 Mont. 497 (65 Pac. Repr. 919).

*W. U. Hensel*, for appellee.—Damages, being in compensation of an injury in the nature of a trespass, will not pass by a conveyance of land: Schuylkill & Susquehanna Navigation Co. v. Decker, 2 Watts, 343; Zimmerman v. Union Canal Co., 1 W. & S. 346; Losch's App., 109 Pa. 72; James v. West Chester Boro., 220 Pa. 490; McFadden v. Johnson, 72 Pa. 335.

OPINION BY MR. JUSTICE ELKIN, July 6, 1911:

The learned trial judge in refusing the motion for a new trial in a concise statement summed up the whole situation and disposed of the contentions of appellant in the following paragraph: "However, in any aspect of the case we do not think the plaintiff is entitled to a verdict. If he bases his claim on the injury he has sustained to his business or as lessee, we answer, that the issue did not make that a question for the jury, nor was there a scintilla of testimony

to support it.  If he bases his claim on the ownership of the land taken, we answer that he was not the owner of any that was taken.  If he bases his claim on the assignment, we answer, that was not a question which the jury was sworn to try, and the whole proceeding from the petition to the appointment of viewers shows it was not to recover the damages by the plaintiff, as Frederick Quade's assignee."  This controversy started as a condemnation proceeding to assess damages for land appropriated under the right of eminent domain by the appellee company.  The appellant here, after the filing of the bond to secure the damages, presented his petition asking for the appointment of viewers to assess them.  The viewers were appointed and did assess the damages.  From the report of the viewers appellant took an appeal to the court of common pleas.  An issue was framed and a statement filed in which it was averred, inter alia, that "The plaintiff was at the time of the committing of the injuries or grievances hereinafter mentioned, and had been for a long time previous thereto, and now is the owner of real estate, to wit, a hotel property," being the property alleged to have been injured by the appropriation of the right of way.  At the trial he proved himself out of court by introducing evidence showing that he did not own the land at the time of the appropriation.  Whether this was a mistake of law, or of fact, we do not know, nor does the record inform us.  It is settled, however, beyond peradventure of doubt that upon the filing and approval of the bond the title to the right of way passed to the appellee company.  From that time the grasp of the owner was released from the property and he was remitted to recourse upon the bond for such damages as he may have sustained: Dilts v. Railroad Co., 222 Pa. 516.  It is equally well settled that damages arising by reason of the taking belonged to the owner at the time of the appropriation and do not pass to a subsequent vendee, in the absence of anything to show such an intent: Losch's Appeal, 109 Pa. 72.  Such damages are a personal claim

of the owner of the property at the time the injury occurred and do not run with the land or pass by a deed silent as to the damages resulting from such a taking. It is perfectly clear, therefore, that appellant failed to make out a case when his proofs showed that the land did not belong to him at the time of the appropriation. The fact that he subsequently took title to the property by a deed containing no mention of the appropriation, or of any claim for damages by reason thereof, gave him no right of action for injuries resulting to the prior owner. It is perfectly clear, therefore, that up to this point appellant failed to make out a case. He relies on one other point which must be considered. After the taking of testimony at the trial had been concluded, during the interval of an adjournment of court, appellant secured an assignment from the prior owner of his claim for damages which was offered in evidence. He therefore contends that his right of action must be sustained on this ground. To do so is to ignore the pleadings in the case. The issue was made up with appellant as plaintiff and appellee as defendant. The statement averred that the land injured was the property of plaintiff at the time the injury was committed. The case was tried as between the parties thus named, and upon the issue thus pleaded. If we are to have any regard for orderly procedure in the trial of causes parties must be held to be bound by their own pleadings, and this was the position taken by the learned trial judge. Leave to amend the pleadings was neither asked nor allowed, but all parties stood upon the record thus presented until the trial judge directed a verdict for defendant. If appellant desired to stand upon the assignment of the claim for damages he should have amended his pleadings so as to cover such a claim. Under these circumstances we see no error in the conclusion reached by the trial judge. The issue which the jurors were sworn to try did not include the prior owner as a party, nor was the assignment of the claim for damages made the basis of the action to recover. Certainly the court was not

bound to try the case upon issues not set out in the pleadings. State Line R. R. Co. v. Playford, 14 Atl. Repr. 355, is strongly relied on to sustain the position of appellant. In that case the claimant was a mortgagee in possession of the land at the time the railroad was constructed and the bond to secure damages was given to him. These important facts are entirely lacking in the case at bar. The rule of that case does not apply to the facts of the present case. While it is true the bond in such cases is intended as a protection to the landowner, or to any party injured, this does not mean that any party claiming an injury can proceed without reference to rules of pleading and practice to assert his claim. Claims of this character, like all other issues, must be presented and tried in a regular and orderly way under the pleadings.

Judgment affirmed.

*Railroads—Eminent domain—Condemnation proceedings—Damages— Evidence.*