## Sheets v. Upper Nazareth Township Supervisors.

*Land damages—Testimony—Striking out same.*

Where it appears by the cross-examination of a witness, called by the defendant as an expert on the value of land, that his opinion was entirely based on his view that the building of a concrete road increased the value of every farm through which it ran, and a motion is made to strike out the testimony, it is the duty of the court to grant the motion. A reference to the matter in the charge is not sufficient.

Rule for new trial. C. P. Northampton Co., Feb. T., 1924, No. 160.

*Kirkpatrick & Maxwell,* for plaintiff; *Herbert F. Laub,* for defendant.

STEWART, P. J., June 8, 1925. — This was a rule by the plaintiff on the defendant to show cause why a new trial should not be granted. The plaintiff claimed damages for the taking of his land in the construction of a State-aid highway. On the trial the verdict of the jury was for the defendants. Two reasons were filed with the motion for a new trial. Each of the reasons was the same with the exception of the name, and is in the following form: "The court erred in refusing to strike out the testimony of the witness, Stephen Schlegel, who testified that, in forming his opinion to the effect that the plaintiff's farm was increased in value by the building of the road, he had not taken into consideration the damage done to the farm by the alteration of the drainage, and, further, that his estimate was based upon what he considered a general advantage accruing to all properties in the neighborhood." On cross-examination, the witness was examined as follows: "Q. So that, I understand, the building of a concrete road benefits every property through which it runs and also properties in the vicinity near which it runs? A. In the vicinity—— Q. I mean in the close vicinity? A. We are talking now about increasing the value in farms? Q. Yes. A. Yes; I do claim that by having concrete along your farms it increases all the value. Q. I am not asking you that; I am asking you whether the concrete road increases the value of every farm through which it runs and also properties near by? A. I think it does. Q. So that this benefit which you say the farm gets is not peculiar to the farm itself, but it accrues to all the property in that neighborhood? A. I

think it does." Mr. Kirkpatrick: "I move to strike out the testimony of the witness in this case." By the Court: "The motion is denied. I won't strike it out." To which action of the court the plaintiff excepts and bill sealed for plaintiff. The other witness, William Morris (not John Abel mentioned in the second reason; the court having permitted the substitution of the name upon argument), was also cross-examined in the same way, and his testimony was to the same effect, that every property was benefited by the construction of a cement road. A motion was made to strike his testimony out, which was also denied. In connection with above rulings, we charged the jury fully upon the rule as to the general and special advantages. We followed Hornstein *v.* Atlantic & Great Western R. R. Co., 51 Pa. 87, the syllabus of which is: "The measure of damages for building a railroad through a man's land is the difference between the value of the property before and after building the road. Such advantages only as are special and peculiar to the property in question, not common to the public, are to be considered." To the same effect, see Pittsburgh & Lake Erie R. R. Co. *v.* Robinson et al., 95 Pa. 426; Pittsburgh, Bradford & Buffalo Ry. Co. *v.* McCloskey, 110 Pa. 436; Long *v.* Harrisburg, etc., R. R. Co., 126 Pa. 143, and Mahaffey *v.* Beech Creek R. R. Co., 163 Pa. 158. These authorities are referred to herein so that counsel may be prepared to show just what are special advantages upon the next trial. Notwithstanding our charge, it would seem from the decisions of the Supreme Court that we should have sustained the motion at the time it was made and stricken out the testimony. In Huntingdon & Broad Top Mountain Railroad and Coal Co. *v.* Decker, 82 Pa. 119, the syllabus is: "Where evidence tending to prejudice or affect the jury and to impair the effect of the evidence of a material witness in regard to other facts (properly in evidence) has been improperly admitted, its withdrawal by the court after argument upon it to the jury by counsel does not cure the fault of its admission." Mr. Justice Mercur, on page 124, refers to the prior decisions, and it would seem from that case and those decisions that, no matter what was said in the charge, it does not cure the error. That decision was followed in Hamory *v.* Penna., Monongahela & Southern R. R. Co., 222 Pa. 631, where there was no motion to strike out and only a simple objection and failure on the part of the court to caution the jury to disregard it. In Willock *v.* Beaver Valley R. R. Co., 229 Pa. 526, a witness who testified for the plaintiff (see page 529) gave improper testimony. Testimony was objected to and a motion was made to strike it out. The court said: "The refusal of this motion was reversible error." It will be unnecessary to discuss all the authorities cited by the learned counsel for the defendants. The question is not one as to the uses to which the land may be put, such as was passed on in Whitcomb *v.* Philadelphia, 264 Pa. 277, and Penna. Co. for Ins. on Lives, etc., *v.* Philadelphia, 268 Pa. 559. Hall et al. *v.* Delaware, Lackawanna & Western R. R. Co., 262 Pa. 292, cited by him, is a case which should be considered upon the subject of special advantages in connection with those cited above, but it does not bear on the question now presented. Hewitt *v.* Pittsburgh, Shawmut & Northern R. R. Co., 19 Pa. Superior Ct. 304, is not in point, because the objection was as to the competency of the witness, not as to the character of his testimony. The Act of April 21, 1915, P. L. 159, certainly has no bearing on the present case. There is nothing in it which would justify the reception of testimony of witnesses like the two that are complained of. It would be useless to express any opinion of our own in this matter. We feel that we are bound by the decisions of the Supreme Court to grant a new trial.

And now, June 8, 1925, rule absolute and new trial granted.