## Barron's Use v. United Railway Company, Appellant.

*Eminent domain—Railroads—Entry—Waiver of statutory prerequisites—Pleadings—Compensation—Assignability.*

On an appeal from the report of viewers appointed to assess damages to four tracts of land over which the defendant had constructed a railroad, it appeared that no objection to the entry was made by the owner of the land. The defendant company did not tender a bond or any security for damages. An averment in the statement of claim admitted in the affidavit of defense alleged that the defendant appropriated the tracts in question for railroad purposes. In such case the entry and construction of the railroad will not be considered tortious.

A land owner may waive performance by a condemning railroad company of acts which he might have insisted upon as statutory prerequisites.

A claim for compensation, arising in eminent domain concerns land and is not so peculiarly inherent in the person as to preclude its assignment.

*Evidence—Witnesses—Competency.*

In such a proceeding the plaintiff as owner of the land was a competent witness to express an opinion as to the value of the land where it was shown that she had been acquainted with the lands the past thirty years and described them in detail. She was not disqualified because she stated that there were no sales of land in the immediate neighborhood, it appearing that she also stated that the people were holding their land and that there were persons attempting to acquire land.

A witness who owned land in the same township; had been real estate assessor; had known the land in question for thirty years and who knew the asking price of land was competent to express an opinion as to the value of the land in question.

The effect of the construction of the railroad upon the market value of such land should be ascertained as of the time of its completion for operation, and evidence tending to show its value as of a date several years later is irrelevant.

*Damages—Measure of—Timber fires—Negligent operation of railroad—Evidence—Charge of the court.*

While the possibility of accidental fire resulting during the lawful operation of a railroad may be considered in ascertaining the amount of compensation payable to a land owner, losses thereafter resulting from timber fires caused by negligent operation are not elements in that problem.

The question to be considered by the jury in such proceeding is the damage or detriment to the land over which the right of way is condemned and not the detriment to the plaintiff personally. A charge that the jury was to consider the special advantage or disadvantage to the plaintiff was therefore erroneous.

Argued April 11, 1928. Appeals Nos. 1481, 1482, 1483 and 1484, April T., 1928, by defendant from judgment of C. P., Somerset County, September T., 1926, Nos. 88, 89, 90 and 91, in the cases of Lillie Kutz Barron's Use v. United Railway Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Appeal from Report of Viewers appointed to assess damages to four tracts of land over which defendant

company had constructed a railroad. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdicts in favor of the plaintiff in the sum of $510.42 in No. 88; $612.50 in No. 89; $102.08 in No. 90, and $1,729.17 in No. 91, and judgments thereon. Defendant appealed.

*Errors assigned,* among others, were to the charge of the court, various rulings on evidence, and refusal of defendant's motion for judgment non obstante veredicto.

*Joseph Levy,* and with him *E. C. Higbee,* for appellant.

*Clarence L. Shaver,* for appellee.

OPINION BY LINN, J., July 12, 1928:

In 1926 plaintiff filed four petitions for viewers to assess compensation for damage to four tracts of land in Upper and Lower Turkeyfoot Townships, Somerset County, over which appellant in 1911 had constructed and thereafter operated a railroad. She obtained awards, which were appealed to the Common Pleas. The cases were put at issue by statements of claim and affidavits of defense. They were tried together and, from the judgments on verdicts for plaintiff, these appeals were taken and presented in one argument.

We review the cases of course on the theory on which they were tried and, therefore, pass over the contention that the entry on the land and the construction of the railroad were tortious, for the fact appears by admission in the affidavits of defense of an averment in the statements of claim duly put in evidence, that "defendant ...... has appropriated, taken, used and

occupied, and continues to use and occupy for railroad purposes across the lands herein described," the right of way giving rise to the proceedings. As the words of the averment have a well recognized technical meaning, (Davis v. Titusville, etc., R. R. Co., 114 Pa. 308, 314; Underwood v. R. R. Co., 255 Pa. 553, 557), we must consider it established for present purposes that the railroad entry and construction were not wrongful but were in the exercise of eminent domain, for it is settled that a landowner may waive performance by the condemning railroad company of acts which he might have insisted on as statutory prerequisites: R. R. Co. v. Johnston, 59 Pa. 290, 295; Oliver v. Railway Co., 131 Pa. 408, 415; Davis v. R. R. Co., 114 Pa. 308, 313; Lawrence's App., 78 Pa. 365; Speer v. R. R. Co., 255 Pa. 211, 218; 10 R. C. L. Sec. 60, p. 68. Not only was no objection made by the owner, but the record shows such acquiescence as to constitute waiver.

But in the two appeals first to be considered, we cannot accept the contention that plaintiff has shown no title to receive compensation. Appellant was incorporated in March, 1911, under the general railroad law. In May, 1911, when it entered and constructed the railroad, the land (a tract of 27 acres in the first appeal and about 50 acres in the second) was not owned by plaintiff but by a corporation engaged in lumbering. As landowner, it then became entitled to compensation. In 1926 it conveyed the land to DeLong with an assignment to him of damages resulting from the railroad appropriation, and DeLong conveyed the land with assignment of the damages to the plaintiff before she applied for viewers. Appellant contends that the right to the compensation was not assignable, citing Marsh v. R. R. Co., 204 Pa. 229, in which the court applied the rule that a right to unliquidated damages in an action in tort is not assignable before verdict. But it is settled that the claim for compen-

sation arising in eminent domain concerns land and
is not so peculiarly inherent in the person a's to pre-
clude its assignment: McFadden v. Johnson, 72 Pa.
335; Linton v. Armstrong Water Co., 29 Pa. Superior
Ct. 172, 174; Underwood v. R. R. Co., 255 Pa. 553, 555;
20 C. J., section 292, page 858. "It is called damages
only in the sense of an unliquidated demand, but in
its nature it is the price of a purchased privilege";
McClinton v. R. R. Co., 66 Pa. 404, 409.

The plaintiff and a witness, King, testified concern-
ing damages. Plaintiff, as owner, was a competent
witness: Chauvin v. Fire Insurance Co., 283 Pa. 397,
401; Markowitz v. R. R. Co., 216 Pa. 535, 537. More-
over, she had been acquainted with the lands since
1893 and described them in detail; part of the four
tracts had been owned by her father prior to the ap-
propriation by the railroad company and part at the
time of the taking. Though she moved from the neigh-
borhood shortly before 1911, she returned in 1913, and
thereafter maintained familiar contact with the lands;
she testified that they had value as coal land; that a
mine was opened on part of the land and that coal
was shipped; that it had a valuable water front and
good timber. She was not disqualified because she
said there were no sales of land "in this immediate
neighborhood" (White v. R. R. Co., 222 Pa. 534, 537);
she knew that "people were holding their land, they
were not selling any land"; though there were per-
sons "attempting to acquire" some. She said that in
1913 she "gave him [her father] a check for $10,000
to pay for some of those lands." The value of her
testimony was of course for the jury. On the other
hand, her evidence of timber loss caused by fires after
the railroad was in operation was irrelevant and
should have been excluded for a reason to be stated.

The other witness on damages was Mr. King, called
by plaintiff. The evidence shows that he was com-
petent to testify: White v. R. R. Co., supra, Curtin

v. R. R. Co., 135 Pa. 20, 35; Hope v. R. R. Co., 211 Pa. 401, 403. He owned land in the same township; had been real estate assessor; had known these lands for 30 years; had frequently gone over them and was familiar with them in 1911, knew the timber on them and the coal fields; owned land adjoining part of that in question; knew the asking prices of land, and "was in the market, sometime I would buy a piece and sometimes sell a piece, and watch what other fellows would do, and sometimes I don't get it, as they pay a little more." He appeared to testify to the damages as of 1911. But he was asked what period after the completion of the road he had considered "for the purpose of fixing those values, was it immediately after the road was built or one year or five years afterwards?" He replied, "two years, about, in the term of two years' time till it depreciated to its full extent." He added that "It took several years [to determine the market value of the land after the construction of the railroad] till the fire got in completely and destroyed the timber." Again, he stated, "it took two years [after construction of the railroad] to change the tract." He had also considered what he described as the inadequacy of the railroad operation for several years after it was constructed.

Two errors in permitting such evidence to go to the jury are obvious: (1) The market value of the tract of land after the construction of the railroad as affected by it should be ascertained as of the time of its completion for operation and not as of a date several years later; in Hamilton v. R. R. Co., 190 Pa. 51, 60, the language is "immediately after the construction of the road." (2) While the possibility of accidental fire resulting during the lawful operation of a railroad may be considered in ascertaining the amount of compensation payable to a landowner, (R. R. Co. v. Vance, 115 Pa. 325, 334; Hamilton v. R. R. Co., supra),

losses thereafter resulting by fires caused by negligent operation are not elements in that problem: Gilmore, v. R. R. Co., 104 Pa. 275, 279; Setzler v. R. R. Co., 112 Pa. 56, 59. Appellant preserved its rights by excepting to the refusal to strike out this irrelevant evidence in part supporting the estimate of the damages claimed: Hamilton v. R. R. Co., 190 Pa. 52, 61; Cox v. R. R. Co., 215 Pa. 506, 511. While the jury was instructed to ascertain the value of the land "before the appropriation—immediately before" and "after the land was taken, at about the time the road was completed," and award the difference, it is clear that the evidence on the subject was so essentially outside the rule that no one can say that appellant was not harmed by its consideration by the jury. The assignments raising this contention are sustained.

Appellant also complains of a portion of the charge in which the following appears: "Now in determining these damages you will inquire what advantages accrued to this plaintiff by that railroad that were not common to everybody, but that were special to her ...... Did it bring her coals and fire clay, if any, into market that was special to her land that other people didn't benefit in the same way? Were there disadvantages by that railroad in that community to all the land through which it passes? She is not entitled to complain to you and get compensation for such damages, but if there was a disadvantage that was special to her tract; if there was room to get but one railroad track through there and this defendant took that ground, and then operated a railroad that was of no account to her, and shut out a more useful corporation, that would be a special disadvantage." We cannot sustain that instruction. There was no harm in calling attention to any elements in the evidence which would detract from the market value of the land after the taking (Parry v. R. R. Co., 247 Pa. 169), or result in special advantage to the land (Hall

v. R. R. Co., 262 Pa. 292, 299), but it is the damage or detriment to the land over which the right of way is condemned that is in question, and not the detriment to the plaintiff personally: Hamilton v. R. R. Co., 190 Pa. 51, 61; Mahaffey v. R. R. Co., 163 Pa. 158. These authorities show that the instruction went too far in advising the jury that it would be a "special disadvantage" to be considered in determining compensation if appellant "operated a railroad that was of no account to her and shut out a more useful corporation." This assignment is sustained.

In the other two appeals plaintiff proved no assignment of damages from the parties who owned the lands in 1911 when the appropriation took place; they were the parties entitled and not the plaintiff: Quade v. R. R. Co., 233 Pa. 20, 23; Roberts v. R. R. Co., 158 U. S. 1, 10. In these two cases the request for binding instructions for the defendant should have been granted.

In No. 1481 (88 below) and No. 1482 (89 below) the judgments are reversed and a new trial is granted.

In No. 1483 (90 below) and No. 1484 (91 below) the judgments are reversed and are here entered for defendant.