### Barron's Use v. United Railway Company, Appellant.

Argued April 10, 1929.

Be-
fore TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM
and BALDRIGE, JJ.

*Joseph Levy,* and with him *E. C. Higbee,* for appel-
lant.—Plaintiff has no standing to maintain these ac-
tions: Frick's Appeal, 87 Pa. 327; Lee v. Hamilton,
218 Pa. 468; Railroad v. Boyer, 13 Pa. 496; American

Mfg. Co. v. Morgan Smith Co., 25 Pa. Superior Ct. 176; Deal v. Bogue, 20 Pa. 228; Montgomery v. Cook, 6 Watts 238.

*Clarence L. Shaver,* for appellee.—Plaintiff was the proper party to maintain these actions: Pearce et ux. v. Wilson et al., 111 Pa. 14; McFadden v. Johnson, 72 Pa. 335; Barron's Use v. United Railway Co., 93 Pa. Superior Ct. 555.

The charge was adequate: Hornstein v. Railroad, 51 Pa. 87; Harris v. Railroad, 141 Pa. 242; Shimer v. Railroad, 205 Pa. 648; Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411.

OPINION BY LINN, J., July 2, 1929:

These appeals involve condemnation of land for railway purposes. Former trials were reviewed in 93 Pa. Superior Ct. 555. The two cases in which new trials were then awarded have been retried, and defendant has again appealed. The same witnesses that testified before, testified again, and we find it unnecessary to repeat what was said before concerning their competency; the assignments questioning it are overruled. So, too, with the complaint that use-plaintiff is not entitled to sue; though she named no legal plaintiff she proved that while she was not the owner at the time of the appropriation (compare Quade v. Rwy. Co., 233 Pa. 20) she had an assignment of the right to the damages as to the two tracts of land involved in these two suits, which we held before, was sufficient to enable her to sue. In this trial an instrument was offered in evidence by defendant and excluded, which was not offered in the former trial. It was executed by the use-plaintiff at a date subsequent to the date of the conveyance of the land and the assignment of the damages to her, and is designated by defendant as a declaration of trust, and by

the use-plaintiff, as a mortgage executed and delivered by her to her grantor as security for the payment to him of the purchase price of a number of tracts of land conveyed, among which were the two involved in these appeals. Defendant contends that if it is a declaration of trust, it was admissible to disqualify the use-plaintiff from maintaining this action on the ground that she was not the owner of the land. It is unnecessary on this record to consider the instrument further than to say that whatever the interest, if any, of the use-plaintiff's assignor may be in the compensation due by defendant under the instrument in question which makes no reference to the assignment of the land damages, defendant has adequate means of protecting itself under well established practice by payment into court if such protection be deemed desirable: Knoll v. R. R. Co., 121 Pa. 467, 473; R. R. Co. v. R. R. Co., 151 Pa. 569; Willock v. R. R. Co., 60 Pa. Superior Ct. 589; Jackson v. Pittsburgh, 36 Pa. Superior Ct, 247; 10 R. C. L. p. 141, sec. 123: the assignment of error complaining of the exclusion of the paper is overruled.

But we must sustain the complaint that the court erred in the instruction on the measure of damages. Nowhere in the charge do we find stated the proper measure of damages to be applied by the jury. There is instruction to award "adequate compensation," which was defined to be "the value of each tract of land immediately before the appropriation, and the value of each tract immediately after the appropriation ...... The difference is adequate compensation." The jury was told to consider the advantages and disadvantages specially affecting this land as a result of the taking, but not a word that the measure of damages was the difference in the market values before and after: Shano v. Bridge Co., 189 Pa. 245, 246; Baker v. Detrich, 268 Pa. 76, 81, 84; or what amounts

to the same thing, that it was the "difference between what the property unaffected by the obstruction, would have sold for at the time the injury was committed, and what it would have sold for as affected by the injury ......": Setzler v. R. R., 112 Pa. 56, 64. And this omission in the charge did not go unchallenged at the time, for defendant presented a point (which while properly refused for another reason )specifically called for instructions in the long established formula requiring the jury to "fix such damages by taking the difference between the market value of the whole tract of land before the land was taken for railroad purposes and the market value of the remaining part of the tract after the land was taken ......" (we omit the erroneous part of the request). There is a substantial difference, as the evidence of the use-plaintiff in this case indicates, between the terms 'value of the property' and the market or selling value of property, and defendant was entitled to have the correct rule stated to the jury.

Appellee has presented no authorities sustaining the charge; in the three cases cited on her behalf: Setzler v. R. R., supra; Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411, 422; Hornstein v. R. R., 51 Pa. 87, 90, the measure of damages was specifically stated in terms of market value; in Thoburn's case the language was (p. 422) "the only safe rule is to inquire what would the property unaffected by the obstruction have sold for at the time the injury was committed? What would it have sold for as affected by the injury? The difference is the true measure of compensation." In Hornstein's case the words were "to find out as well as they can how much less the land would fetch in the market by reason of the road ......;" Setzler's case has already been quoted above.

To sustain the instructions given would be to make a departure from the long established rule which this

court is not authorized to make: Struthers v. R. R., 174 Pa. 291, 297; McSorley v. School District, 291 Pa. 252; Westmoreland C. & C. Co. v. Public Service Commission, 293 Pa. 326, 331; Broomall v. P. R. R., 296 Pa. 132. The court properly refused to confine the inquiry (in No. 89 below) to the ten acres on the one side of the creek; the effect of the taking on the whole tract of 50 acres was involved in the evidence.

Judgment reversed and new trial awarded.