## In re Widening of Walnut Street.

*W. A. Schnader* and *W. H. Elsbree*, for exceptions.
*E. S. Ward*, Assistant City Solicitor, contra.

MARTIN, P. J., June 12, 1929.—On June 30, 1892, an Ordinance of Councils was approved which authorized the Board of Surveys to revise the City Plan to make the width of Walnut Street, from Fifth Street to Twenty-second Street, uniform in each block. The ordinance was amended and new lines for the width of Walnut Street established and confirmed on the City Plan Jan. 15, 1894.

John C. Crawford, who was the owner of two properties, Nos. 2116 and 2118 Walnut Street, obtained a permit from the Bureau of Building Inspection to make alterations to the buildings on his premises, and in the course of the work was compelled to recede six feet from the north line of his property as described in his deed, whereby ground forty-four feet in front on the south side of Walnut Street and six feet in depth, containing 264 square feet of land, with the steps and bay-window thereon erected, were taken as of Nov. 17, 1923.

He filed a petition for the appointment of a Board of View. A Board of View was appointed to assess damages.

A report was filed by the viewers on April 10, 1929, awarding the petitioner $2024 as owner of the two properties on Nov. 23, 1923, at the time it was taken for public use.

Margaret V. Shiplett purchased No. 2116 Walnut Street from Crawford after the date of the taking and the property had been adjusted to the additional width of the street. The deed for the property from Crawford to her described the lot of the dimensions it was before the taking. She claimed to be entitled to the award for the portion of the property taken from the lot conveyed to her, and the award having been made to Crawford, Margaret V. Shiplett filed exceptions to the conclusions of law in the report of the Jury of View—"that John C. Crawford was the owner in possession on Nov. 17, 1923, that being the date of the taking, and Margaret V. Shiplett purchased from Crawford after the date of the taking and the property had been adjusted to the street widening, the determination of the equitable rights of this claimant is not for the Board of View. We can award damages only to the owner at the time of the injury."

The damages arising by reason of the taking belonged to the owner at the time of the appropriation and did not pass to the subsequent vendee, in the absence of anything to show such an intent: Losch's Appeal, 109 Pa. 72.

The damages were a personal claim of the owner of the property at the time the injury occurred and did not run with the land or pass by deed silent as to the damages resulting from the taking: Quade v. Columbia & P. D. Ry. Co., 233 Pa. 20.

Margaret V. Shiplett was not the owner of the land at the time of the appropriation. The fact that she subsequently took title to the property by deed containing no mention of the appropriation or of any claim for the damages gave her no right to sue for injuries resulting to the prior owner: Quade v. Columbia & P. D. Ry. Co., 233 Pa. 20.

And now, to wit, June 12, 1929, the exceptions of Margaret V. Shiplett are dismissed.