## Seaboard Commercial Corp. v. Bardell et al.

*Robert Madore*, for plaintiff.
*Alvin L. Little*, for defendant.
*Harry C. James*, for garnishee.

WRIGHT, P. J., December 27, 1943.—The question for determination in this case is whether an action in trespass for damages done to personal property is subject to attachment before verdict. There are actually two proceedings, but they are being treated as one, and we will write but one opinion.

Seaboard Commercial Corporation held a judgment against Bardell. Bardell's motor vehicle, operated by his son, was involved in a collision with the motor vehicle of Mrs. Smith, operated by her husband, who died as the result of injuries received in the collision. On October 23, 1942, Bardell filed suit in trespass against Mrs. Smith for the damages done to his motor vehicle. On November 17, 1942, an attachment execution was issued and served on Mrs. Smith as garnishee. On November 18, 1942, by virtue of a settlement effected with Mrs. Smith's insurance carrier, Bardell's attorney discontinued the suit.

The garnishee first obtained a rule to show cause why the attachment should not be quashed because it sought to attach unliquidated damages. Considerable delay would have been avoided had this rule been proceeded with. For some reason, however, it was aban-

doned and withdrawn. Despite the fact that no interrogatories had been filed, the garnishee then filed an answer. Finally a second rule was obtained to show cause why the attachment should not be quashed because plaintiff had failed to file a replication or to proceed otherwise. Plaintiff failed to answer this rule but did enter a rule in the prothonotary's office to show cause why judgment should not be entered against the garnishee for want of a sufficient answer.

Garnishee complains of plaintiff's delay and improper practice. While plaintiff is in default because it did not file interrogatories nor an answer to the second rule, garnishee is equally responsible for the delay and both parties have contributed to the muddled procedural situation. Under the circumstances, we would not penalize plaintiff if its legal position could be sustained. We have concluded, however, that plaintiff's fundamental proposition is unsound.

In North et al. v. Turner et al., 9 S. & R. 244, Justice Gibson ruled that an action of trespass de bonis asportatis could be assigned before an actual recovery of damages. His opinion is based on the Statute of 4 Edw. III c. 7. While this venerable statute is apparently still in force in Pennsylvania, it does not cover other trespass actions. The following actions were early held not to be assignable: Deceit in sale, Shoemaker v. Keely, 2 Dallas 213; malicious abuse of process, Sommer v. Wilt, 4 S. & R. 19; excessive distress, O'Donnel v. Seybert, 13 S. & R. 54; false imprisonment, Patten v. Wilson, 34 Pa. 299.

In Selheimer v. Elder, 98 Pa. 154, the Supreme Court ruled that the right to claim damages for a tortious entry was not subject to attachment before verdict. Justice Paxson said (p. 158):

"We are of opinion that this claim is of such an uncertain and speculative character that it does not come within our attachment laws. There was no contract

relation between Saylor and the railroad company; on the contrary, the claim is for unliquidated damages for a tortious act.

". . . there is no fixed standard by which the damages can be liquidated. They are purely speculative. There are a large number of questions to be taken into consideration in ascertaining the damages in such cases which will readily suggest themselves to the professional mind. Moreover the damages could not be liquidated in this proceeding. The attaching creditor could not try the question of the damage to Saylor in his attachment suit."

The rule is different as to claims for compensation in eminent domain proceedings, because such claims are not for damages, properly speaking, but for the price of a purchased privilege: Barron's Use v. United Ry. Co., 93 Pa. Superior Ct. 555.

In Marsh v. Western New York & Pennsylvania Ry. Co., 204 Pa. 229, an action for personal injuries, the Supreme Court said (p. 231) :

"The claim is at most, one for unliquidated damages, in an action sounding in tort, and is therefore under the authorities, not capable of assignment before verdict."

See also Beck v. Germantown Cricket Club, 45 Pa. Superior Ct. 358, Manganiello et al. v. Lewis, 122 Pa. Superior Ct. 435, and Tugboat Indian Co. v. A/S Ivarans Rederi et al., 334 Pa. 15.

In Sensenig v. Pennsylvania R. R. Co., 229 Pa. 168, Justice Potter said (pp. 171, 172) :

"The single question raised by this appeal, is whether a suit brought against a common carrier to recover damages for discrimination under the act of June 4, 1883, is assignable before verdict. . . .

"A right of action strictly personal is not assignable and the general doctrine is, both in law and in equity, that a right of action for a pure tort is not the subject

of assignment. . . . This action is in its nature, one of tort to recover unliquidated damages. . . . Such a right does not seem to us to be a property right, capable of assignment, prior to liquidation. . . ." See also Shambach v. Middlecreek Electric Co., 232 Pa. 641.

The Superior Court has recently ruled that an unliquidated claim for damages for personal injuries is not assignable nor subject to attachment before verdict: Sniderman et al. v. Nerone et al., 136 Pa. Superior Ct. 381. This case was affirmed by the Supreme Court on Judge Keller's opinion: Sniderman v. Nerone et al., 336 Pa. 305.

It is true that, in Continental Auto Ins. Assn. v. International Motor Co., 3 D. & C. 504, Judge Reno made the following statement:

". . . it [is] well settled that a chose in action arising out of a trespass to personal property is assignable . . ."

However, the only supporting authority cited for this statement is North et al. v. Turner et al., supra. As we have pointed out, the decision in that case must be strictly limited to actions of trespass de bonis asportatis.

We have concluded that the reasoning of the appellate courts in the cited cases applies to any claim for unliquidated damages in an action sounding in tort. We expressly rule that an action in trespass for damages done to personal property is not assignable nor subject to attachment before verdict. Consequently, settlement of such an action before verdict may be made irrespective of any attempted attachment.

### Decree

Now, to wit, December 27, 1943, the second rule to show cause why the attachment should not be quashed is made absolute at the cost of plaintiff.