EDMUND RICE *vs.* DANIEL STONE & another.

A claim for injuries to the person is not assignable before final judgment thereon; and a creditor of one who has assigned such a claim after he has obtained a verdict thereon, but before the entry of judgment, may maintain a bill in equity after the entry of judgment, under *St.* 1851, c. 206, to compel payment of his debt from the proceeds of the judgment.

BILL IN EQUITY filed March 26 1860, alleging that the plaintiff is a creditor of the defendant Stone; that Stone has not any property which can be come at to be attached; that on the

24th of March 1860, Stone recovered judgment against the other defendant, Noah Perrin, in the superior court in Boston, for two hundred dollars and costs, in an action of tort for in-juries to the person, which sum he is about to collect for his own use, and does not intend to apply the same to the payment of the plaintiff's demand; and praying for an injunction to stay execution on the judgment, and for a decree that the demand of the plaintiff shall be paid from the proceeds thereof.

The answer of Stone admitted the debt to the plaintiff; and averred that on the 16th of March 1860, he obtained a verdict in his action against Perrin for two hundred dollars; and that on the following day, for a valuable consideration, he assigned his interest in the same and in the judgment to be rendered thereon, by an instrument in writing duly executed, a copy of which was annexed, to Paul Adams, who thereupon held and still holds the same.

Adams filed a petition in the case alleging the assignment to him, and claiming the amount of the verdict and judgment.

At a hearing in this court, at April term 1860, before *Bige-low*, J., it was fully proved that the assignment was duly ex-ecuted and delivered on the 17th of March to Adams, as secu-rity for a preëxisting debt then due from Stone to him, and of an amount exceeding the amount of the judgment, and was made in good faith and with no intention to hinder, delay or defraud creditors. The question was raised whether the claim of Stone against Perrin, having been ascertained by a verdict, was by law assignable after verdict and before judgment; and this question only was reserved for the determination of the whole court.

*F. A. Brooks*, for the plaintiff, cited *Prosser* v. *Edmonds*, 1 Younge & Coll. 492, 496. *Comegys* v. *Vasse*, 1 Pet. 193. *Stone* v. *Boston & Maine Railroad*, 7 Gray, 539. *Hodgman* v. *Western Railroad*, 7 How. Pr. R. (N. Y.) 492. *Rogers* v. *Spence*, 13 M. & W. 571. *Zabriskie* v. *Smith*, 3 Kernan, 334. *Thayer* v. *Southwick*, 8 Gray, 229. *Ex parte Charles*, 14 East, 198. *Buss* v. *Gilbert*, 2 M. & S. 70. Bul. N. P. 234, 243, *a* note. *Pitton* v *Walter*, 1 Stra. 161. *Read* v. *Hatch*, 19 Pick. 17

*G. H. Preston,* for the defendants. 1. Courts of law recognize, permit and protect assignments of choses in action, if the thing assigned has an existence actual or potential at the time of the assignment. *Eastman* v. *Wright,* 6 Pick. 322. *Mitchell* v. *Winslow,* 2 Story R. 630. *Crocker* v. *Whitney,* 10 Mass. 319. *Cutts* v. *Perkins,* 12 Mass. 212. *Gardner* v. *Hoeg,* 18 Pick. 170. *Brackett* v. *Blake,* 7 Met. 335. *Weed* v. *Jewett,* 2 Met. 608. *Emery* v. *Lawrence,* 8 Cush. 151. *Hartley* v. *Tapley,* 2 Gray, 565. 2. Courts of equity support assignments of contingent interests and expectations, and of things which have no existence, actual or potential, but rest in mere possibility, if not against public policy. *Mitchell* v. *Winslow, ubi supra. Gardner* v. *Hoeg, ubi supra. Langton* v. *Horton,* 1 Hare, 549. 3. This assignment was therefore effectual, at least to take effect when the judgment was rendered. *Farnsworth* v. *Jackson,* 32 Maine, 419. *Findon* v. *Parker,* 11 M. & W. 675, 682.

CHAPMAN, J. No case is cited where it has been held that an assignment of a claim for damages for an injury to the person has been held good, when the assignment was made before judgment in an action for the tort. Such claims were not assignable at common law. On the contrary, a possibility, right of entry, thing in action, cause of suit or title for condition broken, could not be granted or assigned over at common law. Bac. Ab. Assignment, A. Com. Dig. Assignment, A. Shep. Touchstone, 240. But this ancient doctrine has been greatly relaxed. Commercial paper was first made assignable to meet the necessities of commerce and trade. Courts of equity also interfered to protect assignments of various choses in action, and after a while courts of law recognized the validity of such assignments, and protected them by allowing the assignee to use the name of the assignor for enforcing the claim assigned. And at the present day claims for property and for torts done to property are generally to be regarded as assignable, especially in bankruptcy and insolvency. There may be some exceptions to this doctrine, but they need not be discussed here. But in respect to all claims for personal injuries, the questions put by Lord Abinger in *Howard* v. *Crowther,* 8 M. & W. 603, are applicable.

" Has it ever been contended that the assignees of a bankrupt can recover for his wife's adultery, or for an assault? How can they represent his aggravated feelings?" And we may add the broader inquiry — has any court of law or equity ever sanctioned a claim by an assignee to compensation for wounded feelings, injured reputation or bodily pain, suffered by an assignor? There were two principal reasons why the assignments above mentioned were held to be invalid at common law. One was to avoid maintenance. In early times maintenance was regarded as an evil principally because it would enable the rich and powerful to oppress the poor. This reason has in modern times lost much, but not the whole of its force. It would still be in the power of litigious persons, whether rich or poor, to harass and annoy others, if they were allowed to purchase claims for pain and suffering, and prosecute them in courts as assignees. And as there are .no counterbalancing reasons in favor of such purchases, growing out of the convenience of business, there is no good ground for a change of the law in respect to such claims.

The other reason is, a principle of law, applicable to all assignments, that they are void, unless the assignor has either actually or potentially the thing which he attempts to assign. A man cannot grant or charge that which he has not. *Jones* v. *Richardson,* 10 Met. 481. *Moody* v. *Wright,* 13 Met. 17. *Codman* v. *Freeman,* 3 Cush. 309. In these cases the doctrine is applied to the mortgage of goods, which may be subsequently purchased by the mortgagor. But it applies equally to all sales of personal property and rights of property. In *Lunn* v. *Thornton,* 1 Man. Gr. & Scott, 379, it is applied to a sale of goods. This court has applied it to an assignment of wages where there is no contract for service. *Mulhall* v. *Quinn,* 1 Gray, 105.

The application of the doctrine of estoppel to conveyances of real estate with warranty, modifies the effect of the general doctrine in such cases, but can hardly be called an exception to it. Assignments of claims for torts done to property seem to be exceptions; yet these claims differ essentially from claims for personal torts. A claim for the tortious conversion or de-

48 *

struction of property, is based on a right to property which has a certain value. A claim for an injury to the property which is less than a conversion or destruction of it, is of the same character. So also the claim to recover threefold the amount taken for usurious interest. In *Gray* v. *Bennett*, 3 Met. 522 where it is decided that such a claim passes by assignment to the assignee of an insolvent debtor, it is distinguished from claims for injuries to the individual, such as assault and battery, false imprisonment, malicious prosecution, defamation, &c. The former is said to be a vested interest; and the latter are called mere personal rights.

It is there admitted that mere personal rights are not assignable. A claim to damages for a personal tort, before it is established by agreement or adjudication, has no value that can be so estimated as to form a proper consideration for a sale. Until it is thus established, it has no elements of property sufficient to make it the subject of a grant or assignment. The considerations which are urged to a jury in behalf of one whose reputation or domestic peace has been destroyed, whose feelings have been outraged, or who has suffered bodily pain and danger, are of a nature so strictly personal, that an assignee cannot urge them with any force.

The character of this class of claims is not changed in this respect by a verdict before judgment. It must be made the subject of a definite judgment before it is assignable; a judgment upon which a suit may be brought. *Stone* v. *Boston & Maine Railroad*, 7 Gray, 539.

It is said in *Langford* v. *Ellis*, 14 East, 203, note, that the moment the verdict comes the damages are liquidated. This was an action of slander. But the principal case of *Ex parte Charles*, 14 East, 197, in which the other was cited, is regarded as overturning it. *Buss* v. *Gilbert*, 2 M. & S. 70. And these cases hold that neither an action for breach of promise of marriage nor for seduction passes to an assignee in bankruptcy before judgment. In our practice, where the points in controversy are seldom raised by the pleadings, but are brought out in later stages of the case, the claim remains in great uncertainty till

the judgment is rendered. And the case of *Stone* v. *Boston &c Maine Railroad*, cited above, follows the ancient case of *Benson* v. *Flower*, Sir W. Jones, 215, where it was held that an action of the case is not assignable till after judgment, when it is reduced to a certainty.

Most of the cases in which the right to assign this class of claims has been discussed, have been assignments under the statutes of bankruptcy or insolvency. Much of the discussion has, therefore, related to the construction of these statutes ; but the nature of the claims has also been regarded as an objection to their being assignable. In some cases the question has been discussed without reference to such statutes. In *Prosser* v. *Edmonds*, 1 Younge & Coll. 481, it was held that a bare right to file a bill in equity for a fraud was not assignable. Lord Chief Baron Lyndhurst remarked that courts of equity had relaxed the ancient rule as to the assignment of choses in action, " but only in the cases where something more than a mere right to litigate has been assigned." This constitutes a very important limitation.

In *North* v. *Turner*, 9 S. & R. 244, the claim was for trespass *de bonis*, and it was held to be assignable under the laws of Pennsylvania ; but *Gibson*, J., admits that some claims are not assignable. He says : " There are undoubtedly some injuries which so particularly adhere to the person of him who has suffered them, as to preclude an assignment of his claim to compensation for them so as to make him a witness ; such, for instance, as slander ; assault and battery ; criminal conversation with the party's wife, and many others that might be mentioned. The right to compensation for any of these would not pass by a statute of bankruptcy, or an assignment under the insolvent acts, nor could it be transmitted to executors or administrators." There cannot be the same objection to the transmission of such a claim to executors and administrators as to its assignment to strangers ; and by our recent legislation actions for damage to the person survive ; but we do not consider this as materially affecting the question whether such rights of action may be assigned to a stranger.

*Gardner* v. *Adams,* 12 Wend. 297, directly decides that a right of action for a tort is not assignable; but the question does not appear to have been much discussed, and the authority of the case is less valuable on that account. *The People* v. *Tioga Common Pleas,* 19 Wend. 73, was argued by able counsel, and appears to have been thoroughly discussed. It was there held that a right of action for debauching a step-daughter was not assignable; and the court refused to protect the assignee against a fraudulent discharge of the action by the assignor, on the ground that a chose in action for a personal tort is not assignable either in law or equity.

In view of these, and many other authorities to which we have referred, we are of opinion that the ancient doctrine of the common law on this subject is still in force, and that the reasons on which it was originally founded are still valid. As an assignment of a claim for a personal injury is void, though it is made after verdict in an action to recover damages for the injury, the claim of the defendant Perrin cannot prevail.

The plaintiff's bill is authorized by *Sts.* 1851, *c.* 206, and 1858, *c.* 34, and he is entitled to a decree for the payment of his debt according to the prayer of his bill, and for costs.