# Marsh *v.* Western New York & Pennsylvania Railway Company, Appellant.

*Negligence—Death—Action—Parties—Widow.*

Under the Act of April 26, 1855, P. L. 309, the widow of a man killed by the negligence of another is alone entitled to maintain an action to recover damages for his 'death, although the deceased may have left children surviving him. Such right of action cannot be assigned by the widow to a child before verdict, so as to enable the action to be brought or maintained in the name of the widow for the use of the child.

Argued May 5, 1902. Appeal, No. 174, Jan., T., 1901, by defendant, from judgment of C. P. Warren Co., Dec. T., 1899, No. 74, on verdict for plaintiff in case of Critt Marsh, Guardian of Ella Lockeby, v. Western New York & Pennsylvania Railway Company. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass to recover damages for death. Before Lindsey, P. J.

The facts appear by the opinion of the Supreme Court.

Plaintiff presented this point:

13. Where the deceased left a widow and a child or children, while the widow is the legal party upon the record, her recovery is for the benefit of herself and children, and one third of the value of the life of the husband and father is for the benefit of the widow, and two thirds thereof for the child or children ; but the widow may assign her right and interest in the amount to the child or children, and in such cases the whole of it is for the benefit of the latter. *Answer:* Affirmed. [11]

Defendant presented this point:

9. The suit as it now stands is not brought in the name of the widow, but by assignment for use of guardian. The action is not so assignable and the plaintiff cannot recover. *Answer:* This is refused. [19]

Verdict and judgment for plaintiff for $4,400. Defendant appealed.

*Errors assigned* were (11, 19) above instructions, quoting them.

*J. Ross Thompson*, of *J. Ross Thompson & Son*, with him
*O. C. Allen & Son*, for appellant.—The widow could only main-
tain the action, and she could not assign her right: Hunting-
don & Broad Top R. R. Co.. v. Decker, 84 Pa. 419; Penna.
R. R. Co. v. Henderson, 51 Pa. 315; North Penna. R. R. Co.
v. Robinson, 44 Pa. 175; Moe v. Smiley, 125 Pa. 136.

*H. J. Muse*, for appellee.—On the right of the plaintiff to
recover in this case, we cite the Act of April 26, 1855, P. L.
309; Patton v. Pittsburg, Cincinnati & St. Louis Railway Com-
pany, 96 Pa. 169; Huntingdon & Broad Top R. R. Co. v.
Decker, 84 Pa. 419; Cochran v. Arnold, 58 Pa. 399; Penna.
R. R. Co. v. Keller, 67 Pa. 300; Del. & Hudson Canal Co. v.
Carroll, 89 Pa. 374.

OPINION BY MR. JUSTICE POTTER, January 5, 1903:

Orlando Lockeby was employed as a brakeman by the de-
fendant company. A freight train, upon which he was en-
gaged in the line of his duty, was derailed on the evening of
October 11, 1899, and he was killed. The defendant company
was charged with negligence in failing to keep the roadbed in
safe condition, and the rolling stock in proper repair, and this
suit was brought to recover damages for the death.

In such a case, if the deceased were a married man, the right
of action to recover damages for his death, would clearly be in
his widow, and in her alone.

This is fixed by the terms of the act of April 26, 1855, as
has been repeatedly pointed out by the decisions of this court.
The subject was fully discussed and the act of assembly clearly
construed in Huntingdon, etc., Railroad Company v. Decker,
84 Pa. 419. It was there distinctly shown that if the deceased
left a wife and children, the widow alone is qualified under the
act of assembly to bring suit. Attention was called to the fact
that under a previous act of assembly, that of April 15, 1851,
the right of action was given to the widow of any such deceased,
and that " the object of the act of 1855 was not to take away
the right of action given to the widow by the act of 1851; on
the contrary it recognizes her right," and provides for the dis-
tribution of the damages.

It is here contended, by counsel for the plaintiff, that one

Rose Lockeby was the lawful wife of the deceased. If this were the case, he should have brought the action in her name, as the widow. He did not do so, however, but began the action in the name of a guardian of Ella Lockeby, who is set forth in the declaration, as the sole surviving child of Orlando Lockeby. Afterwards, and within one year from the date of the death, an amendment was prayed for and allowed, which introduced the alleged widow, Rose Lockeby, as coplaintiff. Subsequently, by another amendment, the names of the parties plaintiff and defendant were changed, and the name of Rose Lockeby as a plaintiff in her own right, was withdrawn, and the action was left to stand in the name of Rose Lockeby, for the use of the guardian of Ella Lockeby. The only apparent reason for this course, seems to have been the refusal on the part of Rose Lockeby to appear and prosecute any claim upon her own behalf. There was evidence that she had executed in favor of her daughter an assignment of all her right and interest in any claim for damages which she might have against the defendant company in this case, and in any verdict which might be obtained. Counsel seems to have considered this, as an assignment by the widow of her right of action. If so, it was a mistake. The claim is at most, one for unliquidated damages, in an action sounding in tort, and is therefore under the authorities, not capable of assignment before verdict. A case in point, is Rice v. Stone, 83 Mass. 566, where it is said that it is a principle of law "applicable to all assignments, that they are void, unless the assignor has either actually or potentially the thing which he attempts to assign. A man cannot grant or charge that which he has not."

In the same opinion there is a reference to Prosser v. Edmonds, 1 Younge & Coll. 481, which sustains the doctrine that a bare right to file a bill or maintain a suit, is not assignable. The opinion in that case says: " It is a rule, not of our law alone, but of all countries, that the mere right of purchase shall not give a man a right to legal remedies. The contrary doctrine is nowhere tolerated, and is against good policy. All our cases of maintenance and champerty are founded on the principle that no encouragement should be given to litigation by the introduction of parties to enforce those rights which others are not disposed to enforce."

In the present action, as the suit now stands, the alleged widow is not a party plaintiff. For this reason, the defendant, by its ninth point, asked for binding instructions in its favor. The refusal of this point is made the subject of the appellant's nineteenth specification of error, and this assignment must be sustained. The eleventh specification, in so far as it complains of the affirmance of the right of the widow to assign her right of action, is also sustained. It is unnecessary to consider the questions raised by the remaining assignments of error.

The judgment is reversed.