## Sensenig, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Common carriers—Discrimination—Act of June 4, 1883, P. L. 72—Assignments—Actions—Damages—Torts—Statutory penalties.*

1. A suit brought against a railroad to recover damages for discrimination wherein the plaintiff declares under the act of June 4, 1883, making the common carrier "liable to the party injured for damages treble the amount of injury suffered," and by his statement of claim, and several amendments thereto, claims treble damages, is not assignable before verdict as a claim for either single or treble damages, and this is the case whether it be regarded as an action for a statutory penalty or as an action sounding in tort for the recovery of unliquidated damages.

2. A right of action strictly personal is not assignable, and the general doctrine is, both in law and equity, that a right of action for a pure tort is not the subject of assignment.

Argued May 17, 1910. Appeal, No. 187, Jan. T., 1909, by use plaintiff, from order of C. P. Lancaster Co., Aug. Term, 1897, No. 31, making absolute rule to strike his name from record in case of Levi Sensenig, to the use of Daniel H. Sensenig, v. The Pennsylvania Railroad Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Rule to show cause why the name of the use plaintiff should not be stricken from the record. Before HASSLER, J.
The facts appear in the opinion of the Supreme Court. The court made the rule absolute.

*Error assigned* was the order of the court.

*William H. Keller*, with him *John A. Coyle*, for appellant.—We respectfully submit that the court below erred in confusing the fundamental and common-law right of the legal plaintiff, Levi Sensenig, to recover for the discrimination practiced against him by the defendant company, which was at the basis of the present suit, with the right to recover treble damages for such discrimination as provided by the Act of June 4, 1883, P. L. 72.

This fundamental right of action for such alleged discrimination was created neither by sec. 3, art. XVII, of the constitution of Pennsylvania, nor by the act of June 4, 1883, but was part and parcel of the common law: Sandford v. R. R. Co., 24 Pa. 378; Shipper v. R. R. Co., 47 Pa. 338; Hoover v. Penna. R. R. Co., 156 Pa. 220; Borda v. R. R. Co., 141 Pa. 484; Audenried v. R. R. Co., 68 Pa. 370; Cent. Iron Works v. R. R. Co., 17 Pa. C. C. Rep. 651; Missouri Pac. Ry. Co. v. Flour Mills Co., 211 U. S. 612 (29 Sup. Ct. Repr. 214); Hays v. Penna. Co., 12 Fed. Repr. 309; Tift v. Ry. Co., 123 Fed. Repr. 789; Denver, etc., Ry. Co. v. Ry. Co., 110 U. S. 667 (4 Sup. Ct. Repr. 185).

The inability of the use plaintiff to recover the penalty of treble damages provided by the act of 1883, does not militate against his right to proceed for the amount recoverable at common law: Yocum v. Zahner, 162 Pa. 468; Robbins v. Farwell, 193 Pa. 37.

*Henry Wolf Bikle*, with him *John A. Nauman*, for appellee.—The action cause of attempted to be assigned is for damage claimed to have resulted from discrimination alleged to have been practiced by the defendant and is

derived from the Act of assembly of June 4, 1883, P. L. 72: Tyrrill v. Lamb, 96 Pa. 464; Farmers' & Mechanics' Bank v. Israel, 6 S. & R. 293.

This cause of action for discrimination is penal in character, and is, therefore, nonassignable: Logan v. R. R. Co., 132 Pa. 403; Moyer v. R. R. Co., 19 Pa. C. C. Rep. 383; Ladenburg v. R. R. Co., 6 Pa. Dist. Rep. 453; Parsons v. Ry. Co., 167 U. S. 447 (17 Sup. Ct. Repr. 887); Carter v. R. R. Co., 143 Fed. Repr. 99; Hoover v. R. R. Co., 156 Pa. 220; Goodridge v. Ry. Co., 35 Fed. Repr. 35; Missouri Pac. Ry. Co. v. Humes, 115 U. S. 512 (6 Sup. Ct. Repr. 110); Blair v. Ry. Co., 109 Iowa, 369 (80 N. W. Repr. 673).

An action penal in character, is nonassignable: Osborn v. First Nat. Bank, 175 Pa. 494; Osborn v. Bank, 154 Pa. 134; Barnet v. Nat. Bank, 98 U. S. 555; Stephens v. Monongahela Nat. Bank, 111 U. S. 197 (4 Sup. Ct. Repr. 336); Pardoe v. Iowa State Nat. Bank, 106 Iowa, 345 (76 N. W. Repr. 800); Nichols v. Bellows, 22 Vt. 581; Bank v. Dushane, 96 Pa. 340; Higley v. Bank, 26 Ohio St. 75.

This cause of action for discrimination, whether or not it be regarded as penal in character, and whether or not it be regarded as involving liability for treble damages, is nonassignable in Pennsylvania: Weller v. Ry. Co., 68 N. J. Eq. 659 (61 Atl. Repr. 459); Marsh v. R. R. Co., 204 Pa. 229.

OPINION BY MR. JUSTICE POTTER, July 1, 1910:

Levi Sensenig brought this action under the Act of June 4, 1883, P. L. 72, to recover damages for discrimination against him in freight charges upon cattle shipped by him. In the statement originally filed he claimed to recover treble damages. He seemed not to be sure of his ground, and filed three amendments to his statement, in the last of which he averred damages to his business as proprietor of a stock yard by the rebates given a competitor, Stewart, and claimed damages in the sum of

$24,432, without referring to the act of June 4, 1883, or stating that his claim was for the treble damages allowed by that act; but the last amendment averred that the defendant allowed rebates to Stewart amounting to $8,144, which is one-third of the damages claimed. The claim is for the same sum as the treble damages demanded in the original statement. On January 20, 1902, after the case was at issue, the plaintiff, Levi Sensenig, executed an assignment to his son Daniel H. Sensenig, of "all my right, title, interest, equity, claim and demand in a certain suit now pending in the court of common pleas of Lancaster county" (reciting the suit in which the present appeal is taken); and he also empowered the said Daniel H. Sensenig to mark the suit to his use. On the same day, January 20, 1902, the suit was marked to the use of the assignee. On November 23, 1908, a petition was filed by defendant, and a rule granted to show cause why the use plaintiff should not be stricken from the record, and on January 16, 1909, the rule was made absolute. From this order Daniel H. Sensenig, the assignee of the suit and the use plaintiff, has appealed.

The single question raised by this appeal, is whether a suit brought against a common carrier to recover damages for discrimination under the act of June 4, 1883, is assignable before verdict. Counsel for appellant admit that the claim for treble damages is not assignable, but they contend that the claim for single damages, or for actual compensation for the loss sustained, may be assigned. The plaintiff declared under the act of June 4, 1883, which makes the offending common carrier "liable to the party injured for damages treble the amount of injury suffered;" and in his statement of claim, and on the several amendments, he claimed treble damages. These damages awarded by the statute must be regarded as a penalty. We see no room for a distinction in this respect, between the provisions of this act and those of the United States statute giving to a person who has been charged usurious interest by a national bank, the right to recover

back from the bank "twice the amount of the interest thus paid." But an action to enforce that right has been expressly held to be "for a statutory penalty:" Osborn v. Bank, 154 Pa. 134. And Mr. Justice MITCHELL said in Osborn v. Bank, 175 Pa. 494, 498: "The enforcement of it [the statutory penalty] is a personal privilege or right of the party aggrieved."

It should be noted that the act of 1883 makes the carrier liable "to the party injured," and not to his legal representatives or his assigns. This seems to confirm the view that the right given to him is purely personal. A right of action strictly personal is not assignable and the general doctrine is, both in law and equity, that a right of action for a pure tort is not the subject of assignment: 2 Amer. & Eng. Ency. of Law, 1020. The right which defendant was charged with infringing in this case, was the right of the plaintiff to have at the hands of the common carrier, equal or like service upon the same terms and conditions as those upon which they were rendered to his competitor. This was a personal right, and if he was deprived of it, it was a wrong or injury, arising not out of an agreement, but because of a breach of duty, for which the law gives to the injured person a right to an action for damages. This action is in its nature, one of tort to recover unliquidated damages. Reference to the statement of claim shows that the charge is for discriminating against plaintiff, in favor of a business competitor. Such a claim cannot be for the recovery of any specific property; it seeks damages for the injury caused by the unlawful interference with plaintiff's right to do business with a common carrier upon equal terms with his competitor. Such a right does not seem to us to be a property right, capable of assignment, prior to liquidation; but similar rather to an action for malicious prosecution, or for the abuse of legal process, which actions are not assignable. In Shoemaker v. Keely, 2 Dallas, 213, it was held that a right of action for deceiving a bankrupt in the sale of goods did not pass to the assignee. The court said, "Torts must

be considered as the mere personal concern of the bankrupt." In Sommer v. Wilt, 4 S. & R. 19, it was held that an action for malicious use of process is not assignable. The court said (p. 27): "This personal tort is not the subject of assignment under the insolvent debtors' act; it is neither estate, credit, nor effects. The insolvent debtor would not be discharged from personal responsibility for such acts committed by him. The case in 2 Dall. is conclusive. It is a personal action which would die with his person." So also in O'Donnel v. Seybert, 13 S. & R. 54, it was held that an action for excessive distress was not assignable. In Marsh v. Western New York, etc., R. R. Co., 204 Pa. 229, we held that a widow could not assign, before a verdict, her statutory right of action for the death of her husband.

Counsel for appellant practically admit that the treble damages imposed by the act of 1883, are to be regarded as a penalty, and that the right to such damages is not assignable. But they urge that this should "not militate against his right to proceed for the amount recoverable at common law; the failure to recover the penalty does not drag down with it the fundamental right of action." In other words, they argue that the original plaintiff had a right of action at common law based upon the alleged discrimination against him, under which he might recover his actual damages, and that this right, having relation to property, i. e., plaintiff's business, was assignable. The difficulty with this contention is that plaintiff has declared expressly on the statute, and for the statutory penalty of treble damages. His statement, whether as originally filed or as finally amended, makes no claim based on any common-law right, but claims the treble damages given by the statute. The last two amendments while not naming the statute, name an express sum and claim to recover treble that amount. The right to sue at common law is not fairly in question in this case, and the argument based upon it seems to be an afterthought.

Our conclusion in the present case is, that whether the

action be regarded as for a statutory penalty, where the right to recover is given "to the party injured"—or whether it be regarded as an action sounding in tort, for the recovery of unliquidated damages, in either case the enforcement of the right is a personal privilege of the party aggrieved, and is not, therefore, capable of assignment.

The specification of error is overruled, and the judgment is affirmed.