## Manganiello et al. *v.* Lewis, Appellant.

Argued March 4, 1936.

Before Keller, P. J., Cunningham, Baldrige, Parker, James and Rhodes, JJ.

*John A. Gallagher,* with him *Frank P. Slattery, Jr.,* and *Frank P. Slattery,* for appellant.

*Nathan Hyman,* with him *Frank· L. Pinola,* for appellee.

Opinion by Parker, J., July 10, 1936:

Carmella Manganiello, a guest in an automobile driven by the defendant, Samuel Lewis, was injured when the car in which they were riding collided with another automobile driven by Frank Petrozzino. Separate suits were instituted by her in her lifetime against the drivers of each car and she then assigned her interest in the two actions in trespass to her father, Donato Francione. The father, for a valuable consideration, executed and delivered a release to Frank Petrozzino. Thereafter the plaintiff, Carmella Manganiello, died, an administratrix was appointed for her estate, and the administratrix was substituted as plaintiff. The cause proceeded to trial, resulting in a verdict in favor of the administratrix. The defendant, in support of his motion for judgment n. o. v., contended in the court below and insists here that the release to Frank Petrozzino given by the father as assignee discharged the claim against the defendant in this action alleging that the drivers of the cars were joint tort feasors.

It is a well settled rule that while separate suits may be brought against several defendants for a joint trespass and there may be a recovery against each, yet the plaintiff can have but one satisfaction and when the plaintiff has actually received satisfaction for the injury sustained the cause of action is discharged as to both: Seither v. Phila. Traction Co., 125 Pa. 397, 402, 17 A. 338; Peterson v. Wiggins, 230 Pa. 631, 79 A. 767; Ridgeway v. Sayre Electric Co., 258 Pa. 400, 102 A. 123. The answer, however, to the contention of the defendant is that the attempted assignment was void. "A right of action for a tort purely personal, in the absence of a statute modifying the general rule, is not subject to assignment before judgment": 5 C. J. 887. The case of Marsh v. Western N. Y. & P. Ry. Co., 204 Pa. 229, 231, 53 A. 1001, involved an action for personal injuries and what was there said is pertinent here. "The claim

is at most, one for unliquidated damages, in an action sounding in tort, and is therefore under the authorities, not capable of assignment before verdict. A case in point, is Rice v. Stone, 83 Mass. 566, where it is said that it is a principle of law 'applicable to all assignments, that they are void, unless the assignor has either actually or potentially the thing which he attempts to assign. A man cannot grant or charge that which he has not'." Since the father, Donato Francione, took nothing by the assignment, the attempted release was of no effect. Also see Sensenig v. Penna. R. R. Co., 229 Pa. 168, 172, 78 A. 91; Shambach v. Middlecreek E. Co., 232 Pa. 641, 642, 81 A. 802, and Beck v. Germantown Cricket Club, 45 Pa. Superior Ct. 358, 361.

The present action was not one for the death of Carmella Manganiello but was an action brought by her in her lifetime. Such actions by the Act of 1851, now supplied by Section 35 of the "Fiduciaries Act of 1917" (20 PS 771) may be continued after death by the administrator. Such administrator is properly substituted for the plaintiff and the action is continued for the benefit of the estate: McCafferty v. Penna. R. R. Co., 193 Pa. 339, 44 A. 435.

Judgment affirmed.