## Bronzo Estate

*Wm. F. Farrell,* for Commonwealth.

*Ernest D. Preate,* for respondent.

BRADY, P. J., September 2, 1949.—A citation was issued by this court on January 19, 1949, on behalf of the Commonwealth of Pennsylvania, Department of Public Assistance, directed to Augusta Bronzo, guardian of the Estate of Thomas Bronzo, Jr., a minor, to show cause why an allowance of $222.43 should not be made to petitioner for past support furnished by petitioner to the minor dependent, and why the guardian should not be ordered and directed to pay the said amount to the Commonwealth of Pennsylvania out of the estate of Thomas Bronzo, Jr., minor.

An answer and replication were duly filed. Most of the facts were stipulated of record by both petitioner and respondent at the hearing. The admitted facts are: That dependent minor child was born June 8, 1939, and resided with his mother in Scranton, Pa., that on October 15, 1947, in the Court of Common Pleas of Lackawanna County, upon an action of trespass for damages resulting from injuries to the minor sustained on April 5, 1944, the court approved a settlement of the action, and by the terms of the settlement the duly appointed guardian of the minor was paid the sum of $922.60 on or about October 23, 1947; that prior and subsequent to the above settlement, the mother received on behalf of herself and two children, the minor dependent child being one of the two, support and maintenance in the amount of $667.30; that the

payments covered a period from May 29, 1947, to January 15, 1948; that the amount expended in the assistance of the minor, Thomas Bronzo, Jr., was one third of the total or $222.43; of that amount $78.20 was paid after the date of the approval of the settlement of the trespass action on October 15, 1947, and payment of the settlement on October 23, 1947; that $144.23 had been expended prior to that date; that during the time the public assistance payments were made, Thomas Bronzo, Sr., father of the minor, was deceased, and Catherine Bronzo, the minor's mother, was indigent and without means of support for the maintenance and support of herself and her two minor children.

The two questions before the court for consideration are as to the jurisdiction of this court to entertain the petition, and as to whether the right of action arising from the minor's injury is property within the meaning of The Support Law of June 24, 1937, P. L. 2045, 62 PS §1974, thus making the minor's estate liable for all moneys expended by the Commonwealth of Pennsylvania for his assistance.

As to the jurisdiction of the orphans' court to entertain the petition for past or future support allowances, the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 59(i), 20 PS §1042, confers ample authority on the orphans' court. See Remick, Orphans' Court Practice, vol. 1, sec. 233, and cases cited thereunder.

The second question arises as a result of the amendment of section 4(a) of The Support Law.

"Originally recovery could have been had even out of property acquired by the beneficiary subsequent to his receiving assistance . . . but by the Act of June 9, 1939, P. L. 310, amending section 4(a) of the Act of June 24, 1937, P. L. 2045, it is limited to property owned by him during the time the assistance was rendered or his right to ownership of which existed or was

acquired during such time": Reiver's Estate, 343 Pa. 137, 139.

As amended, section 4(*a*) of The Support Law, 62 PS §1974, reads:

"The real and personal property of any indigent person shall be liable for the expenses of his support, maintenance, assistance and burial, incurred by any public body, . . . if such property was owned during the time such expenses were incurred, or if the right to ownership of such property existed or was acquired during the time such expenses were incurred."

Petitioner presses the argument that the part of the cited provision "or if the right to ownership of such property existed or was acquired during the time such expenses were incurred" includes, as *property*, a right of action in tort for personal injuries. Petitioner contends that such rights of action for torts to "persons" are personal property; that the right to ownership of property (damages or compensation for injury) existed or was acquired at the moment of injury. With this the court does not agree.

Sir William Blackstone, writing of the title to things personal or the various means of acquiring or losing such property, mentions 12 ways of acquisition or loss, as to the seventh of which he writes:

"VII. A judgment, in consequence of some suit or action in a court of justice, is frequently the means of vesting the right and property of chattel interests in the prevailing party. And here we must be careful to distinguish between property the *right* of which is before vested in the party, and of which only *possession* is recovered by suit or action; and property to which a man before had no determinate title or certain claim, but he gains as well the right as the possession by the process and the judgment of the law. Of the former sort are all debts and *choses in action;* as if a man

gives bond for 20L, or agrees to buy a horse at a stated sum, or takes up goods from a tradesman upon an implied contract to pay as much as they are reasonably worth; in all these cases the right accrues to the creditor, and is completely vested in him, at the time of the bond being sealed, or the contract or agreement made; and the law only gives him a remedy to recover the possession of that right which already in justice belongs to him. But there is also a species of property to which a man has not any claim or title whatsoever, till after suit commenced and judgment obtained in a court of law: where the right and the remedy do not follow each other, as in common cases, . . . and where, before judgment had, no man can say that he has any absolute property, either in possession or in action. Of this nature are,

"1. Such penalties as are given by particular statutes. . . .

"2. Another species of property, that is acquired and lost by suit and judgment at law, is that of damages given to a man by a jury, as a compensation and satisfaction for some injury sustained; as for a battery, for imprisonment, for slander, or for trespass. Here the plaintiff has no certain demand till after verdict; but, when the jury has assessed his damages, and judgment is given thereupon, whether they amount to twenty pounds or twenty shillings, he instantly acquires, and the defendant loses at the same time, a right to that specific sum. It is true that this is not an acquisition so perfectly original as in the former instance; for here the injured party has unquestionably a vague and independent right to some damages or other the instant he received the injury; and the verdict of the jurors, and judgment of the court thereupon, do not in this case so properly vest a *new* title in him, as fix and ascertain the old one; they do not *give*, but

define, the right. But, however, though strictly speaking, the primary right to a satisfaction for injuries is given by the law of nature, and the suit is only the means of ascertaining and recovering that satisfaction; yet as the legal proceedings are the only visible means of this acquisition of property, we may fairly enough rank such damages, or satisfaction assessed, under the head of property acquired by suit and judgment at law": Blackstone's Commentaries, vol. 2, pp. 436, 439. (Italics supplied.)

Petitioner argues that in Reiver's Estate, 343 Pa. 137, the Supreme Court did carry the reimbursement liability back beyond the date of receipt of the money by a minor's estate to the time when the right to claim the money arose, and by analogy the ruling in that case should govern. The property acquired by the minor in Reiver's Estate, supra, was a chose in action, to wit, a share in an estate: Wintercast et al. v. Smith, 4 Rawle 177. Choses in action are personal property. But a right of action in tort for personal injuries is not considered a chose in action or thing in action. "The term 'choses in action' has two recognized significations. It is sometimes used in the broad sense of all rights of action, whether ex contractu or ex delicto. The term is very generally used and accepted by the profession, however, in a more limited sense, which confin~s it to assignable rights of action ex contractu, and perhaps ex delicto for injuries to property, or for torts connected with a contract, to the exclusion of a right of action ex delicto for personal injuries. Regard is to be had in this connection for the rule, discussed elsewhere, that in the absence of statute there is no right of property in certain personal rights of action which do not survive the death of a necessary party thereto, unless the right has been first reduced to judgment": 42 Am. Jur. 207.

Do the survival acts, which allow the commencing or continuing of actions for injuries to persons after the death of the parties, legislate such rights of action to the dignity of personal property? Apparently not, since such rights of action are still unassignable before verdict and judgment: Sensenig v. Pa. R. R., 229 Pa. 168, 172; Manganiello et al. v. Lewis, 122 Pa. Superior Ct. 435.

Choses in action under section 4 of The Sales Act of May 19, 1915, P. L. 543, 69 PS §42, do not include actions in tort for personal injuries as personal property. See Guppy v. Moltrup, 281 Pa. 343. Nor are actions in tort for personal injury considered property under the Bankruptcy Law: North v. Turner, 9 S. & R. 244; Saper v. Delgado et al., 146 F.(2d) 714, Bankruptcy Act, sec. 70a(5), 11 U. S. C. §110, sub. a(5).

"In actions for personal torts, no debt precedes recovery; and recovery is not founded on debt. The injured party has suffered a wrong in his person or character, to which he may submit, if he will. But the law gives him a right of action, if he will, for damages to compensate him for the wrong. The tortfeasor becomes his debtor only upon recovery, and by force of recovery. Before recovery, he is not a debtor at large; after recovery, he is a judgment debtor only. And the term things in action is not very happily applied to the right. Things in action are properly things already belonging to a person, but withheld from him, and for the possession of which he has a right of action. His title precedes the action, and is the foundation of it. A recovery determines his title, but does not create it. It is not a naked right to sue for damages, as in tort, but a vested right of property in the thing sued for, independent of the action. In tort, there is no title to a thing before the right of action ripens in damages recovered. There is a right of action, but not a thing

in action; the thing recovered existing only by the recovery. The broad sense of the term (chose in action) has certainly always included torts; but not as happily as common law terms are generally applied": Gibson v. Gibson, 43 Wis. 23; see Stone v. Boston and Maine R. R., 7 Gray (Mass.) 539; Rice v. Stone, 83 Mass. 566; Sensinig v. Pa. R. R., 229 Pa. 168; Manganiello v. Lewis, 122 Pa. Superior Ct. 435.

In Rice v. Stone, 83 Mass. 566, at page 570, the court stated:

"A claim to damages for a personal tort, before it is established by agreement or adjudication, has no value that can be so estimated as to form a proper consideration for a sale. Until it is thus established, it has no elements of property sufficient to make it the subject of a grant or assignment. The considerations which are urged to a jury in behalf of one whose reputation or domestic peace has been destroyed, whose feelings have been outraged, or who has suffered bodily pain and danger, are of a nature so strictly personal, that an assignee cannot urge them with any force.

"The character of this class of claims is not changed in this respect by a verdict before judgment. It must be made the subject of a definite judgment before it is assignable; a judgment upon which a suit may be brought. Stone v. Boston & Maine Railroad, 7 Gray, 539."

It is the opinion of this court that a naked right of action in tort for personal injuries is not personal property, considered as a chose in action, nor is it a right to ownership of property, nor is it the acquisition of a right to ownership of property; that such claim or right of action in tort for personal injuries is a personal right and has no attributes of property rights, insofar as the right to ownership of property is concerned. It does not represent a claim to property of

claimant nor unjust enrichment of defendant at the expense of claimant.

After loss of an eye, or an arm, or total crippling of a human being, the person injured has no interest in the nature of property. Bodily pain, mental anguish, or outraged feeling of the injured, will not create property rights.

This court cannot impute a meaning the legislature never intended.

"The rule is well settled that words having precise and well settled meaning in the jurisprudence of a country have the same sense in its statutes unless a different meaning is plainly intended": Smrekar et al. v. J. & L. Steel Corp., 137 Pa. Superior Ct. 183, 191.

"The legislature is presumed to have intended that words used in a statute shall be construed according to their common and approved uses: Statutory Construction Act of 1937, P. L. 1019." Commonwealth Trust Co. General Mortgage Investment Fund Case, 357 Pa. 349, 355.

The court need not indulge in speculation as to what the legislature might have intended. The term "personal property" has a precise and well-settled meaning in our jurisprudence. It has never included a naked cause of action in tort for personal injuries.

The right to ownership of property, i.e., the damages for personal injuries, was acquired by Thomas Bronzo, Jr., at the time the agreement was approved. The estate of the minor is liable for the amount of the assistance expended in his behalf after the settlement of October 15, 1947, as approved by the court. The sum of $78.20 is agreed by petitioner and the guardian of the estate of Thomas Bronzo, Jr., minor, as the amount so expended. Claim for money expended or assistance furnished prior to the settlement is disallowed, in conformity with the amendment of section

4(a) of The Support Law Act of June 9, 1939, P. L. 310.

Now, September 2, 1949, it is ordered and decreed that the guardian of the estate of Thomas Bronzo, Jr., minor, do pay to the Commonwealth of Pennsylvania, Department of Public Assistance, the sum of $78.20 for the support and assistance furnished the minor after the settlement above referred to and the balance of the claim of the Commonwealth of Pennsylvania, Department of Public Assistance, is disallowed.