DAISEY FURMAN v. POLIN POULTRY FARMS, INC., a Delaware corporation, HOWARD POLIN and DAVID POLIN, trading as Polin Poultry Company.

(*July* 17, 1952.)

TERRY, J., sitting.

*John J. McNeilly* for John J. McNeilly, Trustee.

*Daniel J. Layton, Jr.,* for Daisey Furman.

Superior Court for Sussex County, No. 8, Civil Action, 1952.

TERRY, J.:

The right of action given to the widow under the provisions of Paragraph 4638 (death by wrongful act statute) is not a continuation of the right of action the injured husband would have had if he had not died. On the contrary, it is a new and distinct right of action whereunder the widow, subject to the provisions of the statute, may maintain an action for the death of her husband and the loss thus occasioned. This statutory right of action given to the widow, however, is dependent upon the right of her deceased husband to have maintained an action for personal injuries had he not died in consequence of his injuries. It is predicated upon the same cause of action that the deceased husband would have had had he lived, and this right of action comes to the widow charged with the same infirmities as existed against her deceased husband. *Perry v. Philadelphia B. & W. R. Co.*, 1 *Boyce* 399, 77 *A.* 725; *Lynch v. Lynch*, 9 *W. W. Harr.* (39 *Del.*) 1, 195 *A.* 799; *Sobolewski v. German*, 2 *W. W. Harr.* (32 *Del.*) 540, 127 *A.* 49; *Homiewicz v. Orlowski*, 4 *W. W. Harr.* (34 *Del.*) 66, 143 *A.* 250.

The widow's right of action under Paragraph 4638 is one for unliquidated damages and based upon the same cause of action that her deceased husband had, that is, the actionable tort; and her right of action thereunder is like that of her deceased husband had he brought an action for his personal injuries during his lifetime, and, as such, is not assignable before judgment in the absence of statutory authority to the contrary. *Marsh v. Western N. Y. R. Co.*, 204 *Pa.* 229, 53 *A.* 1001; *State v. Ramseyer*, 73 *N. H.* 31, 58 *A.* 958, 6 *Ann. Cas.* 445, 2 *R. C. L.* 610; *Rorvik v. North Pac. Lumber Co.*, 99 *Or.* 58, 195 *P.* 163; *Hazzard v. Alexander*, 6 *W. W. Harr.* 212, 173 *A.* 517; *Weller v. Jersey City, etc., R. Co.*, 68 *N. J. Eq.* 659, 61 *A.* 459.

Now the question is: Do the provisions of Paragraph 4642 of the *Code* transform the character of the nonassignable personal right of action given to the widow under Paragraph 4638 into an assignable right of action merely because the right of action survives to the representatives of the widow's estate?

I do not think that the legislative purpose in enacting Paragraph 4642 was to alter or change the character of the pre-existing nonassignable personal right as given to the widow under the provisions of Paragraph 4638 into an assignable right merely because provision was made that the right of action in the widow should survive to her executor or administrator. I say this notwithstanding the existence of the general rule that survivability and assignability of causes of action are convertible terms. *Hollett v. Wilmington Trust Co.*, 6 *W. W. Harr.* 170, 172 *A.* 763.

My interpretation of the provisions of Paragraph 4642 is that the legislative intention was to provide in part that personal rights such as possessed by the widow in the present case, although not assignable by her, nevertheless, upon her death shall pass to her representatives for the benefit of her estate.

Since the right of action given to the widow under Paragraph 4638 is not assignable, the provisions of Section 70 of the *Bankruptcy Act* have no application. The trustee's motion to be substituted as party plaintiff is denied.

An order will be signed accordingly.