## Chromy v. Chromy

*Ray, Coldren & Buck,* for plaintiff.

*T. A. Waggoner, Jr.,* for defendant.

CARR, P. J., January 8, 1957.—This is a suit brought by a married woman against her husband to recover damages for personal injuries sustained before their marriage and alleged to have been caused by his negligent operation of an automobile in which she was a passenger. The case is now before us on preliminary objections questioning her right to maintain the action against him.

Section 3 of the Act of June 8, 1893, P. L. 344, as amended by the Act of March 27, 1913, P. L. 14, section 1, 48 PS §111, provides as follows: "Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property. . . ."

Counsel for plaintiff concede that this statute is an effective bar to an action by a wife for personal injuries negligently inflicted upon her by her husband during the existence of the marriage (Koontz v. Messer, 320 Pa. 487; Kaczorowski v. Kalkosinski, 321 Pa. 438), but they contend that it does not apply to injuries oc-

curring before the marriage. The argument is that as she was single when her cause of action arose, it remained her "separate property." It seems clear, however, that the term "separate property" in the context of the statute does not embrace unliquidated claims for damages for personal injuries: Miller v. Miller, 44 Pa. 170; Sensenig v. Pennsylvania Railroad Co., 229 Pa. 168, 172; Manganiello v. Lewis, 122 Pa. Superior Ct. 435; Bronzo Estate, 69 D. & C. 390; 2 Blackstone's Commentaries, 436, 439. Indeed, to hold that such claims constitute "property" within the meaning of the act would totally eliminate the disability of a married woman to sue her husband upon any cause of action, whether it arose before or after the marriage, as fully as if the statute read "but she may not sue her husband, except when she has a cause of action against him." Certainly if the legislature had so intended, it would simply have abolished the common law rule prohibiting suits between spouses as no longer advantageous or desirable; a suit by either against the other can hardly be said to be less unseemly, distressing or embittering merely because the injury on which it is based occurred before rather than after marriage. The statute does not look to the relation of the parties when the cause of action arose but to their relation at the time of the commencement and prosecution of the suit.

Counsel cite the case of Curtis v. Wilcox (1948), 2 All E. R. 573, in the Court of Appeals of England. There, as here, plaintiff, while riding with a man she subsequently married, was injured in an accident caused by his negligent driving, and the question arose whether after their marriage she could sue him for damages for the injury to her person, that is, for the ante nuptial tort; but there the decision permitting her to do so turned upon the language of the Married Women's Property Act of 1882, which, unlike our own, expressly defined the separate property of a married woman to include a "thing in action." The cause of

action which accrued before marriage was, of course, a "thing in action," and therefore the wife's property within the terms of that act, for the protection and security of which she was entitled to maintain an action against her husband. It may be that our more restrictive statute works badly when it operates to protect the husband's insurance company, as counsel suggest, but that is obviously a question for the legislature rather than for us.

We conclude that the preliminary objections should be sustained and the complaint dismissed.

*Order*

And now, January 8, 1957, upon consideration of the foregoing case, defendant's preliminary objections are sustained, the complaint dismissed and judgment is entered for defendant.