Ostroy v. Perry

*Dean B. Stewart, Jr.,* for plaintiffs.

*High, Swartz, Roberts & Seidel,* for defendants.

*Hugh G. Perry,* p. p.

DITTER, J., July 27, 1967.—This case comes before the court on defendants' motion to strike it from the jury trial list and to place it upon the arbitration list.

On April 7, 1962, Jean Ostroy, while operating her automobile in the company of her sister, Mae, was involved in a collision with an automobile owned by Hugh G. Perry and driven by his wife, Joan L. Perry. The Ostroys seek to recover damages for personal injuries and property damage arising from this accident.

When the case was originally listed for trial, plaintiffs applied for a continuance. They did so on the grounds that before proceeding against defendants, who were not insured, they wished to present a claim under the uninsured motorist portion of Jean Ostroy's insurance policy issued by Government Employees Insurance Company (GEICO). This section provided, in part:

"in the event of payment to any person under this Part:

"(a) the company shall be entitled *to the extent of such payment* to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made . . ." (Italics supplied.)

Defendants initially opposed the continuance, but then consented to it when the Ostroys executed an agreement promising not to pursue their action to trial as real parties in interest, "provided however, that in the event that the Government Employees Insurance Company is subrogated to the rights of said plaintiffs by reason of said plaintiffs' contractual ob-

ligation under their insurance policy with said Company, this agreement shall not apply . . ."

Subsequently, a settlement was reached between plaintiffs and GEICO, under the terms of which Mae Ostroy received $4,500 and Jean Ostroy $500, under the uninsured motorist clause. In accordance with the terms of the insurance policy, each plaintiff executed a release which provided that they were to hold in trust for GEICO all rights, claims and causes of action which they had against defendants. Each party further agreed that "any moneys recovered as a result of judgment, settlement, or otherwise, whether obtained as a result of action requested by the Company or not, will be paid to the Company provided, however, any sum recovered in excess of (the sum that company paid to party affixing her signature) shall be retained by me . . ."

GEICO wished to pursue the present action, and the case was listed for trial. However, counsel for defendants has moved to strike it from the jury list, arguing: (1) GEICO's claim for the payment to Jean Ostroy is less than $2,000 and must, therefore, be submitted to compulsory arbitration; (2) GEICO has no standing in court, since claims for personal injuries may not be assigned, and (3) Even if some elements of damages which arise from personal injuries may be assigned, pain and suffering cannot be the subject of a valid assignment.

The Act of June 16, 1836, P. L. 715, sec. 8.1, as amended, 5 PS §30, is the statutory authority under which local courts set up compulsory arbitration systems. Montgomery County Common Pleas Rule 252 states:

"All cases . . . when the amount in controversy shall be Two Thousand Dollars ($2,000.00) or less, . . . shall be submitted to and heard and decided by a Board of Arbitrators . . ."

Since reference is made in the rule to "cases" rather than to "claimants" and since the total amount at issue exceeds $2,000, the matter should be heard by a jury. Moreover, Jean Ostroy is an additional defendant, and the issue of her negligence will have to be litigated as a part of Mae Ostroy's suit. To require the parties, witnesses and attorneys to go through two trials on the issue of Jean's negligence would serve no useful purpose.

Defendants' second argument to support their motion to strike this case from the trial list is that GEICO is seeking to enforce rights resulting from the assignment of an unliquidated claim, i. e., a claim for personal injuries. Defendants also contend that even if some elements of damages arising from an automobile accident may be assignable, those for pain and suffering may not be.

The law of Pennsylvania and of most other jurisdictions has refused to recognize the assignment of unliquidated tort actions. The policy reasons are obvious; an injured party should not be permitted to sell what might be a substantial claim for a few dollars at a time when he is experiencing considerable financial and emotional strain.

The question in this case is whether or not these policy reasons prevent a recovery from defendants by GEICO for the amounts it has paid to plaintiffs for property damage, medical expenses, lost wages, or pain and suffering. GEICO contends that its claim is based upon the principle of subrogation, not assignment. Subrogation is predicated upon actual payment and satisfaction of the claim and operates only to secure *contribution* and *indemnity*, whereas assignment contemplates the continued existence and transfer of the *entire* debt or claim: 6 C. J. S., Assignments §2b. Plaintiffs cite three factors as being necessary for a subrogation: (1) Payment must be obligatory

rather than voluntary; (2) the claim transferred must be only to the extent of the insurer's payment; and (3) the sum must be repayable only in the event of recovery from the one primarily liable.

The Act of August 14, 1963, P. L. 909, sec. 1, 40 PS §2000, requires that insurance companies provide coverage of the type contained in GEICO's policy with Jean Ostroy. Payments under the terms of the policy were obviously not made by a volunteer. GEICO's interest in the present suit is limited to the amount it has paid to plaintiffs. So far as GEICO is concerned, if, as a result of the trial, either plaintiff collects more money than GEICO has paid to her, she can retain it. It is only the agreement that the Ostroys have with defendants which will limit the amount of their recovery. None of the policy reasons which prohibit the assignment of unliquidated tort claims are applicable here. Since the facts of this case fall within an accepted definition of subrogation, and since the transfer of a right from plaintiffs to GEICO via the release is clearly *not* an assignment, we will treat GEICO as a subrogee.

Defendants specially contend that GEICO should not be permitted to recover any payments it has made to Mae Ostroy for her pain and suffering, somehow differentiating between that and other elements of damages which result from an automobile accident. However, pain and suffering, medical expenses and lost wages are all the inevitable concomitants of bodily injury: Krusinski v. Chioda, 394 Pa. 90, 94 (1958). There is no reason why subrogation should be permitted when an insurance company pays for property damage and denied when it pays for pain and suffering, and there is certainly no reason why the courts should create legalistic shelters to protect uninsured tortfeasors.

Any inquiry about what constitutes public policy must be directed toward the legislation encompassing the area of concern. Not only does the Act of August 14, 1963, supra, assure the opportunity to obtain uninsured motorist coverage, but it also requires this coverage be under provisions approved by the Insurance Commissioner. The fact that the Insurance Commissioner has not objected to the subrogation clause in GEICO's policy indicates acceptance of these clauses within present public policy concepts.

There is another reason why defendants' position is unsound. They participated fully in the events that led to the present posture of this case. They are seeking to avoid the consequences of an agreement which they helped to make. It should be remembered that defendants consented to a continuance only if plaintiffs would surrender the right to proceed as real parties in interest. The agreement reached by the parties, however, specifically stated that it would not apply in the event that GEICO was subrogated to plaintiffs' rights as a result of the GEICO insurance policy. This policy refers specifically to damages which result from "bodily injury". The elements of damages claimed on behalf of the Ostroys, as shown by their complaint and answers to interrogatories, fall within the areas generally found in claims of this type. These damages must then have been contemplated by the parties when they entered into their continuance agreement.

What defendants are really trying to do is to void that part of the agreement which recognized the rights of GEICO, but uphold the agreement insofar as it terminated plaintiffs' rights to proceed with this action. Obviously, defendants cannot help to create an agreement, seek to take advantage of part of it, and then maintain that rights which the agreement recognizes are against public policy. If plaintiffs could not make a valid assignment to GEICO, their release of defend-

ants was also without effect, since the release was predicated upon there being such an assignment. See Manganiello v. Lewis, 122 Pa. Superior Ct. 435, 437 (1936).

Defendants have not been released as to the elements of damage here at issue, and they should not be permitted to hide behind a door which they left open. Defendants have introduced no valid reasons why their motion to strike this matter from the trial list should be granted. Accordingly, we dismiss their motion and order the parties to proceed to a determination on the merits.

ORDER

And now, July 27, 1967, it is hereby ordered that defendants' motion to strike this case from the trial list be dismissed.