Frank AUGENTI, Jr., Plaintiff,

v.

Gifford R. CAPPELLINI, Joseph Alexander, Sr., Joseph Alexander, Jr., Frank Augenti, Sr., Margaret Augenti, Marie Benson, Michael Benson, John Richard Benson, Tony Augenti, Blanche "Augenti", Robert Caparelli, Paul Litchkowski, Carl Kollar, Patricia Hartman, Daniel Schnae, John Does I through IV, being four unknown named defendants whose identities are unknown, Howie "Hoe", an individual whose last name is unknown, Defendants.

Gifford R. CAPPELLINI, Third-Party Plaintiff,

v.

The HOLY SPIRIT ASSOCIATION FOR the UNIFICATION OF WORLD CHRISTIANITY a/k/a Unification Church, Neil Salonen, Bruce Brown, Bruce Miller, and John Does I through IV being agents, servants, members of the named defendant Unification Church whose names and identities are unknown at this time, Third-Party Defendants.

Civ. A. No. 79–222.

United States District Court,
M. D. Pennsylvania.

Feb. 26, 1980.

Bruce S. Miller, Laputka, Bayless, Ecker & Cohn, Hazleton, Pa., Jeremiah S. Gutman, Eugene Harley, Levy, Gutman, Goldberg & Kaplan, New York City, for plaintiff.

Alan G. Apfel, Great Neck, N. Y., Cody H. Brooks, Lawrence M. Ludwig, Henkelman, Kreder, O'Connell & Brooks, Scranton, Pa., for Cappellini.

James M. Reinert, Shavertown, Pa., for Caparelli.

Patrick E. Dougherty, Wilkes-Barre, Pa., for Augenti's, Benson's, Litchkowski and Kollar.

Paul McGlone, Scranton, Pa., for third-party plaintiff.

Francis P. Burns, Pittston, Pa., for third-party defendants.

James M. Howley, Scanlon, Howley & Scanlon, Scranton, Pa., for third-party defendant Miller.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

A Complaint in this action was filed on February 22, 1979, in which Complaint the Plaintiff alleges that the various Defendants including the movant here, Gifford Cappellini, attempted to spirit the Plaintiff away from his chosen religion by a variety of acts, all of which the Plaintiff alleges violated his Constitutional rights under the

Civil Rights Acts, 42 U.S.C. §§ 1983 and 1985(3), and also gave rise to certain state law claims. To this action the Defendant Cappellini filed an Answer, a cross-claim and a counterclaim. Additionally he filed a third-party proceeding against the Holy Spirit Association for the Unification of World Christianity, a/k/a the Unification Church and various other Defendants. In the answer filed by the said Defendant Cappellini, he interposed some nineteen defenses. Following the filing of these pleadings a number of motions were filed, lengthy discovery was had and depositions taken. Additionally there have been several meetings of counsel with the Court to discuss the variety of complex issues raised by the various pleadings. The matter has been set for trial on April 23, 1980.[1]

On January 23, 1980 the Defendant Cappellini filed a motion to amend his answer to add a 20th defense. The twentieth defense sought to be interposed by the Defendant Cappellini is the allegation of champerty and maintenance against the Plaintiff, whereby the Defendant Cappellini would allege that the Plaintiff has entered into a champertous agreement with the Unification of World Christianity a/k/a the Unification Church for the financing of this litigation.

 In this case the Plaintiff is alleging that the Defendant Cappellini violated his civil rights by his participation in Augenti's "de-programming." Cappellini is seeking to show that Augenti entered into a champertous agreement with the Unification Church in order to bring this action. Even assuming that the Defendant is able to prove his allegations of champerty and maintenance, those allegations and that proof would not bar the Plaintiff from proceeding on his original claim against Cappellini.[2]

The rule is well settled that the fact that there is a champertous contract in relation to the prosecution of a suit between Plaintiff and his attorney in no wise affects the obligation of Defendant to Plaintiff; it is the champertous contract and not the right of action itself which the champerty avoids and therefore, Defendant cannot avail himself of the champertous agreement as a defense to the action. See *Burnes v. Scott,* 117 U.S. 582, 589, 6 S.Ct. 865, 869, 29 L.Ed. 991; *Bedell v. Oliver H. Bair Co.,* 104 Pa.Super. 146, 158 A. 651, and 14 C.J.S. Champerty and Maintenance § 38 (1951).

Since the Defendant therefore lacks standing to raise the defense which he seeks to plead in his amendment, the Motion to Amend the Answer will be denied.

---

1. The case was scheduled for trial on the Court's February 4, 1980 Trial List, but was continued on request of counsel for several defendants, represented by the firm of Hourigan, Kluger & Spohrer. The attorney who was handling the case, Patrick Dougherty left the firm on December 10, 1979. Due to the unavailability of Joseph A. Quinn, because of prior commitments in February and March, the case was re-scheduled to April 23, with jury selection to take place on April 14, 1980.

2. While Plaintiff's counsel argue in their brief about the merits of the allegations of champerty and maintenance we pass no judgment and make no inferences as to the merits and Defendant is free to raise those allegations in an appropriate manner.