## Diaz v. Yellow Freight Systems, Inc.

*Stanley V. Ostrow,* for plaintiff.

*Mark J. Gesk,* for defendant Yellow Freight Systems & Kobistek.

*Theodore Goldberg,* for defendant Wyatt.

*James David Elder,* for defendant Diaz and Hoffman.

FINKELHOR, *J.,* July 23, 1984 — This matter comes before the Court on a petition by the defendants Yellow Freight Systems, Inc. and John A. Kobistek, Jr., for a rule to show cause why the motion for a new trial, filed by plaintiff Roberto Diaz, should not be stricken. Preliminary objections were filed by Diaz to said petition in the nature of a demurrer and motion to strike.

The above captioned case, no. GD 82-14409, consolidated with no. GD 82-18799,[1] was tried to a jury verdict as follows:

---

1. The verdict in the Wyatt case in which Diaz was defendant provided:

"And Now, to-wit, this 8th day of June, 1984, the Jury empanelled in the above entitled case, finds in favor of the plaintiff, John J. Wyatt in the amount of $30,000. We find the percentage of negligence to be Yellow Freight 60 percent, Roberto Diaz 40%. We also find that John Wyatt and Roberto Diaz were involved in a Joint Venture and that Bruce Hoffman and AAA Con Auto Transport Inc to have no negligence in the case, in favor of Bruce Hoffman and AAA Con plus delay damages in favor of pl.

By the Court:
/s/ Finkelhor, J."

"And now, to wit, this 8th day of June, 1984, the jury empanelled in the above entitled case, finds in favor of the plaintiff, Robert Diaz for the amount of $56,000. Additionally [sic] we find negligence to be 55% Yellow Freight, Kobistek 5% and Roberto Diaz 40% molder [molded] 33,600. plus delay damages.

BY THE COURT:
/s/ Finkelhor, J."

In the Wyatt case, Diaz as defendant was also found to be 40 percent negligent.

The case arose from an accident between a truck owned by Yellow Freight Systems and operated by Kobistek and an automobile operated by Diaz and owned by Hoffman. The details of the accident are not pertinent to the present petition before the court.

Diaz, as plaintiff, filed a motion for a new trial on June 15, 1984. Motions were also filed by defendant Yellow Freight Systems and Diaz as additional defendant in the Wyatt case.

In their petition, defendants Yellow Freight and Kobistek allege that, on or about June 13, 1984, Diaz as plaintiff offered to settle his case with defendants for the jury verdict. However, on June 14, 1984, plaintiff refused defendants' full offer of settlement and filed his motion for a new trial on June 15, 1984. Defendants allege that plaintiff Diaz refused settlement as the result of an agreement with his (Diaz) insurance carrier, USAA Insurance Company, and said company has paid the verdict to Diaz and has agreed to pay the legal expenses involved in the appeal.

It is defendants' position that the alleged agreement is illegal as a champertous contract and/or in violation of public policy and should be stricken.

The major issue among the parties is the 40 percent negligence allocated by the jury to Diaz,[2] which affects both the recovery of Diaz as plaintiff and the liability of Diaz as defendant.

## DISCUSSION

In Belfonte v. Miller, 212 Pa. Super. 508, 243 A.2d 150, 152 (1968), the court defined champerty as a "bargain by a stranger with a party to a suit by which such third person undertakes to carry on the litigation at his own cost and risk, in consideration of receiving, if successful, a part of the proceeds or subject to be recovered." However, even if defendant is able to prove its allegations of champerty, this does not bar the plaintiff from proceeding on his original claim. Augenti v. Cappellini, 499 F.Supp. 50 (M.D. Pa. 1980).

Judge Conaboy stated in a memorandum opinion:

"[2]The rule is well settled that the fact that there is a champertous contract in relation to the prosecution of a suit between Plaintiff and his attorney in no wise affects the obligation of Defendant to Plaintiff; *it is the champertous contract and not the right of action itself which the champerty avoids* and therefore, Defendant cannot avail himself of . the champertous agreement as a defense to the action. See Burnes v. Scott, 117 U.S. 582, 589, 6 S.Ct. 865, 869, 29 L.Ed. 991; Bedell v. Oliver H. Bair Co., 104 Pa. Super. 146, 158 A. 651, and 14 C.J.S. Champerty and Maintenance §38 (1951).

"Since the Defendant therefore lacks standing to raise the defense which he seeks to plead in his

---

2. The court has been informed by counsel that the ruling in these cases can affect other litigation arising from this accident and presently filed in New York state.

amendment, the Motion to Amend the Answer will be denied." 499 F.Supp. at 51 (Emphasis added)

In addition, in the instant case, the insurance carrier is not a stranger to the proceedings but represented Diaz as defendant during trial and has a right of appeal in the Wyatt case irrespective of any post trial motion of Diaz as plaintiff. Even if the insurance carrier is bearing the expense of the appeal, which is mutually beneficial to the insured and the insurance carrier, the factual allegations do not meet the criteria of champerty.

While the insurance carrier may be concerned by the effect of the verdict in these proceedings on other pending litigation and is interested in appellate review, we cannot say that the agreement with Diaz to continue the litigation is contrary to public policy nor can we find precedent that supports defendants' position. The case of Senseney v. Pennsylvania RR Co., 229 Pa. 168 (1910), upon which defendant relies, was assignment before verdict.

Accepting the facts set forth in the defendants' petition for the issuance of a rule under Pa.R.C.P. 209 et seq, as true and correct, we can find no basis in law to issue the rule and to strike the post trial motions of plaintiff Diaz.

While preliminary objections are not included in the procedure of a rule to show cause, in view of the court's decision that no legal basis supports the proposed rule, the substance of said preliminary objections are sustained.

An appropriate order is attached hereto.

## ORDER OF COURT

And now, this July 23, 1984, upon the petition of defendants Yellow Freight Systems, Inc. and John A. Kobistek, Jr., for a rule to show cause why the

motion for a new trial of plaintiff Roberto Diaz should not be stricken and the preliminary objections of plaintiff to said petition and it appearing to the court that defendants' allegations of champerty are not relevant to the right of Diaz to file post trial motions to the jury verdict in this case, it is hereby ordered, adjudged and decreed that said petition for the issuance of a rule is denied.